**Dennis Ray FOXX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41041.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Billy J. Griswold, Houston, by Court Appointment on Appeal Only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Malcolm R. Dimmitt, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the primary offense of burglary for the purpose of committing theft with a prior conviction for burglary alleged for enhancement. The punishment was assessed at twelve years.

The prior conviction as alleged and the identity of the appellant as the same person so convicted was established by stipulation between the state, the appellant in person and his attorney.

The sufficiency of the evidence to support the conviction for the primary offense is challenged.

Clarence J. Dickey, Jr., testified that on May 10, 1966, he was the plant foreman and manager of a waste paper company, which was operated in two buildings, one was used only as an office and the other as a warehouse; that the office building was enclosed with a cyclone fence which was in good condition; that in response to a call he arrived at the office about 1 a. m., May 10, 1966, finding that the office building, which was closed and locked the evening before, had been forcibly entered by making a hole through the roof and ceiling into a restroom; that the building was equipped with a burglar alarm system; that a typewriter, a knife, two dolls and $67.70 had been taken from the building and were returned to him that night; that he did not give anyone his consent to enter the building and take any property therefrom.

Manager Dickey further testified that upon his arrival at the office he saw five officers, and the appellant, Joseph Lee Dowell, Bertram Kelly, and John Henry Davis; that Dowell had worked for him about three months and Dowell had introduced the appellant to him as a personal friend of his who was in need of a job; that he had told Dowell to bring the appellant to work Monday morning before the burglary that night, but that neither Dowell or the appellant came to work Monday morning.

Officer Ball testified that in response to a burglar alarm he and Officer Shirley went to a building which was surrounded by a fence; that on their arrival, each went to an opposite side to investigate; that on passing a Chevrolet automobile parked in front of the building, he found that the hood was warm when he placed his hand on it as he passed going to the building; that on not discovering anything around the building and along the fence, he returned to the patrol car, and then on hearing a noise he went on the outside of the fence where he saw a person lying face down on the ground; that he arrested this person (whom he identified at the trial as the appellant), and took him through a gate, inside the fenced area, and to the south side of the office; that from about fifteen feet of the building he shined a flashlight on top where he saw two men lying down on top of the building; that Officer Shirley went upon the roof, arrested the two men and searched them; that at this time another man jumped from a tree by the building on the ground; that a typewriter, dolls, and tools were found on the roof; that the appellant was lying on the ground about 20 or 25 feet from the Chevrolet when arrested; that the appellant was not intoxicated; that Kelly, who was on the roof, stated that the Chevrolet belonged to him; that the appellant and the three other men appeared to know each other and talked among themselves.

Except the testimony showing the apprehension of the appellant, the testimony of

Officer Shirley was substantially the same as that of Officer Ball.

The appellant did not testify or offer any testimony in his behalf.

From all the facts and circumstances in evidence, it is concluded that the evidence is sufficient to support the conviction for the primary offense as charged.

As ground for reversal, the appellant contends that the trial court erred in allowing Officer Ball to testify that the Chevrolet automobile parked at the scene had stolen license plates on it.

The appellant objected "to this testimony as having no bearing on the matter before the Court and being introduced only for the purpose of seeking to influence and prejudice the jury."

Replacing the license plates of their car parked at the scene with stolen plates served the purpose of concealing the identity of the automobile and its owner and the detection and apprehension of those committing the burglary on leaving the scene with their loot.

The admission of such evidence as a part of the transaction was not error.

The judgment is affirmed.