Kenneth Wayne SCOTT, Appellant,

v.

The STATE of Texas, State.

Nos. 2–85–067–CR, 2–85–068–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 9, 1986.

Jan E. Hemphill, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., and Anne B. Wetherholt, Asst. Dist. Atty., Dallas, for State.

## OPINION

HILL, Justice.

Kenneth Wayne Scott appeals his conviction by a jury of the aggravated robbery of Maurice Charles and Carol Rushing. TEX. PENAL CODE ANN. sec. 29.03 (Vernon 1974). The trial judge sentenced him in each offense to twenty years in the Texas Department of Corrections.

We reverse and remand for a new trial, because the trial court failed to apply the law of parties to the facts of the case in the charge.

To avoid duplication, we will discuss both appeals together, referring to the appeal of Scott's conviction for the aggravated robbery of Maurice Charles as the Charles case, and the appeal of Scott's conviction for the aggravated robbery of Carol Rushing as the Rushing case.

■ Since the decisions in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a challenge to the sufficiency of the evidence must be considered even though reversal is required on other grounds. *See Froyd v. State*, 633 S.W.2d 884, 885 (Tex. Crim.App.1982). This is so because a challenge to the sufficiency of the evidence, if sustained, bars a retrial. *Graham v. State*, 643 S.W.2d 920, 924 (Tex.Crim.App. 1981).

In grounds of error numbers two and three in both cases, Scott complains that there is no evidence or insufficient evidence to support the conviction.

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the jury's verdict. *See Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on rehearing).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not a de novo determination of the guilt or innocence of the defendant, regardless of which party's evidence "outweighs" the other. If the evidence establishes guilt beyond a reasonable doubt, and if a reasonable trier of fact believes that evidence, we

are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* — U.S. ——, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

A party is criminally responsible for an offense committed by another person if he acts with the intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. *Romo v. State*, 568 S.W.2d 298, 303 (Tex.Crim.App.1977) (opinion on rehearing). While mere presence by an individual at the scene of an offense is insufficient to sustain a conviction, it is a circumstance tending to prove guilt, and, taken with other circumstances, may suffice to show that the accused was a participant. *Harris v. State*, 645 S.W.2d 447, 457–58 (Tex.Crim.App.1983). In making this determination, the jury can examine events before, during and after the commission of the offense, including actions which show an understanding and common design to do a certain act. *Id.; Curren v. State*, 656 S.W.2d 124, 130 (Tex.App.—San Antonio 1983, no pet.). Scott's argument, if we are able to understand it, was that he was merely present when the aggravated robbery of both Charles and Rushing occurred, and that he would only be guilty of the lesser included offense of theft of Charles' checkbook.

Maurice Charles testified that he had a landscaping contract at Dunston's, a restaurant on Harry Hines Boulevard. He was sitting in his car in the back of the parking lot near an alley with Carol Rushing, waiting for the cycle on the sprinkler to change. He saw three individuals, whom he identified as Dennis J. Poledore, Hosea Lee Jackson, and Kenneth Wayne Scott, the appellant herein, walking up the alley. A few minutes later they returned and approached Charles' car. Sensing something was amiss, Charles unsheathed a landscaping knife and held it behind him.

The trio continued to approach the car. When Poledore asked Charles about a job,

Charles replied that Poledore should check further down Harry Hines. Poledore then pulled out a gun and pointed it at Charles' stomach and threatened to pull the trigger. He told Charles to put the knife on the car seat between him and Rushing and to empty his pockets. Charles did as he was commanded, placing the knife on the seat and giving the contents of his pockets to Poledore.

Charles further testified that during this time Hosea Lee Jackson went to the other side of the car and demanded Rushing's pocketbook. Rushing initially refused to let go of her pocketbook, but Jackson threatened her, forcing her to release it. Poledore and Jackson then began to flee.

After his two cohorts began fleeing, Scott walked up to Charles and took Charles' checkbook from his pocket. Charles still thought that Poledore could and would shoot him so he did not put up any resistance. Scott joined his cohorts in fleeing. As Charles was chasing the trio, Scott threw the checkbook into the air.

Charles' testimony was substantially corroborated by Carol Rushing. She testified that as the trio approached the car, they talked among themselves, but that she heard no agreement between them to rob her and Charles. She stated that after Charles had laid the knife between them, Jackson picked it up when he came to her side of the car. He demanded her pocketbook and threatened to cut her when she initially refused to release it.

Officer Ira J. McKee of the Dallas Police Department testified that he was inside Loria's Barbecue at the time of the offense. The restaurant was closed at the time, but he, his partner, one of their friends, and the owner were inside, talking. While inside, he noticed three people milling around a black Cadillac. The three, whom he identified as Poledore, Jackson and Scott, soon attempted to enter Loria's, but, finding it locked, they headed down the alley toward Dunston's. Characterizing this behavior as suspicious, he ran a license plate check on the Cadillac. The check revealed that the

license plates were registered to a Chevrolet, not a Cadillac.

Soon after the officers had completed the license plate check, the trio returned, running up the alley to the Cadillac. Poledore appeared to have a gun in his belt, and Jackson was carrying the knife belonging to Charles and the purse belonging to Rushing. The three men were promptly arrested. Officer McKee's testimony was substantially corroborated by his partner, Officer Campbell.

We find this evidence sufficient to sustain appellant's convictions, and therefore overrule grounds of error numbers two and three in both cases.

■ In ground of error number one in the Charles case and ground of error number one in the Rushing case, Scott argues that the trial court erred in failing to apply the law of parties to the facts of the case. The charge only included an abstract discussion on the law of parties. It has been held that failure to apply the law of the parties to the facts of a case constitutes error, meriting a new trial. *Apodaca v. State*, 589 S.W.2d 696, 698 (Tex.Crim.App. 1979); *McCuin v. State*, 505 S.W.2d 827, 830 (Tex.Crim.App.1974). Scott objected at trial to the failure to apply the law of parties.

The State appears to rely on the case of *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim.App.1984). In that case, Judge Clinton set forth the rule of appellate review when there has been an objection at trial to an error in the court's charge. He said that "[i]f the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error.... the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record as a whole." *Id.* at 171. These principles of review for the court's charge, although not mentioned in the opinions, are the same as those in effect at the time of the opinions in *Apodaca* and *McCuin*. *See* TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). We assume that the Court of Criminal Appeals followed those principles in *Apodaca* and *McCuin*. We sustain ground of error number one in both cases.

In view of a retrial, we will consider ground of error four in the Charles case and ground of error five in the Rushing case. In these grounds of error, Scott argues that the court erred in admitting evidence of an extraneous offense. As previously noted, Officer McKee testified that he saw Scott, Jackson and Poledore milling around a black Cadillac before attempting to enter Laria's Barbecue. His suspicions aroused, the officer had the license plates checked, and discovered the license plates belonged to a Chevrolet, not a Cadillac. Scott argues that this evidence was inadmissible as an extraneous offense.

It is a fundamental principle of law that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime or for being a criminal generally. *Smith v. State*, 646 S.W.2d 452, 455 (Tex.Crim.App.1983). In recognition of this principle, it has consistently been held that proof of prior specific acts of misconduct, similar happenings or extraneous offenses committed by the accused is not probative of the contested material issues in the case and is inadmissible. *See Elkins v. State*, 647 S.W.2d 663, 665 (Tex.Crim.App.1983); *Davis v. State*, 645 S.W.2d 288, 293 (Tex.Crim.App.1983); *Bates v. State*, 643 S.W.2d 939, 943 (Tex. Crim.App.1982).

■ However, the evidentiary policies generally precluding admission of evidence of extraneous conduct must in some circumstances give way. Extraneous transactions constituting offenses shown to have been committed by the accused may become admissible upon a showing by the prosecution both that the transaction is *rel-*

**696**

*evant* to a *material* issue in the case, and the probative value of the evidence outweighs its inflammatory or prejudicial potential. *See Rubio v. State*, 607 S.W.2d 498, 506 (Tex.Crim.App.1980) (emphasis in original). The material issues in a criminal prosecution generally consist of the elements of the offense ·charged. *Davis*, 645 S.W.2d at 293.

█ In the context of a robbery, replacing the license plates of a car serves the purpose of concealing the identity of the automobile and its owner, and avoiding detection and apprehension of the thieves committing the burglary. *Foxx v. State*, 424 S.W.2d 432, 434 (Tex.Crim.App.1968). It was not error, therefore, to admit evidence of the license plates as a part of the transaction. *Id.* at 434. Grounds of error four in the Charles case and five in the Rushing case are overruled.

In view of our holding with respect to ground of error number one in both cases, we need not consider ground of error four in the Rushing case.

The judgments are reversed and these causes remanded for trial.

ASHWORTH, Justice, dissenting.

I respectfully dissent.

I believe the majority has failed to properly apply the standards pronounced in *Almanza*. The error in the charge with regard to applying the law of parties was not calculated to injure the rights of the defendant. Assaying the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and the other relevant information revealed by the record as a whole, there was no harm to appellant by virtue of any error in the court's charge.

The judgment should be affirmed.

BURDOCK, J. and HUGHES, J. (Retired) (Sitting by Assignment), join.