**Hany M. ELOMARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–88–049–CR.

Court of Appeals of Texas, Texarkana.

Aug. 29, 1989.

Paul Nugent, Foreman & DeGeurin, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

BLEIL, Justice.

Hany Elomary appeals his conviction for criminal mischief, contending that insufficient evidence exists to support his conviction. We agree that the evidence is insufficient; accordingly, we reverse the cause and render an acquittal.

On January 17, 1988, Patti Katz drove her Jaguar automobile to a combination car wash and gas station in Houston. After filling her car with gas in one of the gas lanes, she attempted to move into a shorter car wash lane to her left. Katz cut in front of a Mercedes driven by Elomary and stopped her car diagonally in front of his car, halfway into his lane. Elomary yelled at Katz to move and threatened to hit her car if she did not move. Katz replied that she could not move because she was now blocked in from behind by another vehicle. She asked Elomary to back up his car. He refused. Instead, he drove forward into Katz's car, denting her car on the driver's side.

Elomary challenges the sufficiency of the evidence to show that the amount of pecuniary loss suffered by Katz as a result of the damage to her car equals or exceeds $200.00. Tex.Penal Code Ann. § 28.03 (Vernon 1989) provides that a person commits the offense of criminal mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner. Section 28.03(b)(3) provides that such an offense is a Class A misdemeanor if the amount of the pecuniary loss is $200.00 or more, but less than $750.00. Tex.Penal Code Ann. § 28.06 (Vernon 1989) defines the amount of pecuniary loss, if the property is damaged, to be the cost of repairing or restoring the damaged property.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Marroquin v. State,* 746 S.W.2d 747 (Tex. Crim.App.1988); *Selph v. State,* 758 S.W.2d 908 (Tex.App.—Texarkana 1988, no pet.). No testimony exists regarding the actual cost of repairing Katz's car. Although Phillip Wells, an insurance appraiser, testified that the estimated total damage to Katz's Jaguar was $518.40, Katz testified that it did not actually cost her $518.40 to repair her car, and that she did not remember exactly how much it cost. She testified that a dealership called Dominion Jaguar repaired her car. However, Bruce Watkins, service manager for Dominion Jaguar, testified that he could locate no service record for Katz's car indicating that Dominion Jaguar had repaired the damage. Katz later testified that Texas Corvette, not Dominion Jaguar, repaired her car. No witness testified about the cost of the repair or restoration, and no receipt or other documentation showing the cost of repairing the car was submitted in evidence. An opinion on the amount of damages, without further evidence, is insufficient to prove the cost of repair or restoration under Section 28.06(b). *Sebree v. State,* 695 S.W.2d 303 (Tex.App.–Houston [1st Dist.] 1985, no pet.).

Since the State failed to show any evidence of the cost of repairing or restoring Katz's Jaguar, all essential elements of the crime of criminal mischief have not been established. We therefore sustain Elomary's challenge to the sufficiency of the evidence. A challenge to the sufficiency of the evidence, if sustained, bars a retrial and requires the entry of a judgment of acquittal. *Graham v. State,* 643 S.W.2d 920, 924 (Tex.Crim.App.1981).

The cause is reversed and the trial court is directed to enter a finding of not guilty.