**James Carey RANKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1019–94.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 10, 1996.

Dissenting Opinion on Denial of Rehearing Oct. 22, 1997.

R. Scott Shearer, Houston, for appellant.

Alan Curry, Asst. Dist. Atty., Houston and Matthew Paul, State's Atty., Austin, for the State.

Before the court en banc.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellant was convicted by jury of possession of a controlled substance, namely cocaine, weighing less than 28 grams. Appellant pled true to two enhancement counts, and the jury assessed punishment at twenty-five years' confinement. The Court of Appeals reversed the conviction in an opinion on motion for rehearing. *Rankin v. State,* 881 S.W.2d 14 (Tex.App.—Houston [1st] 1994). We granted the State's petition for discretionary review in order to address whether the Court of Appeals erred in holding that appellant admitted to committing an extraneous offense, and whether the Court of Appeals erred in holding that the trial prosecutor could not argue that the jury could find the appellant guilty based upon the judicial admission. We reverse the judgment of the Court of Appeals.

The State presented evidence at trial that a rock of crack cocaine was found underneath the seat of a patrol car where the appellant had been sitting. The appellant testified that he had been in possession of a rock of crack cocaine on the same day that he was arrested and rode in the patrol car, but that the rock of crack cocaine found in the patrol car was not his. Appellant's wife also testified that appellant had been in possession of a rock of crack cocaine on the day in question, but he had thrown it down the sink in their home.

During closing arguments the State argued that the jury could convict appellant for possessing the crack cocaine found in the patrol car or for possessing the crack cocaine which he said he had thrown down the sink. The Court of Appeals held that when the appellant took the stand and admitted possessing cocaine earlier in the morning he was admitting that he committed an extraneous offense. *Rankin,* 881 S.W.2d at 17. The Court of Appeals went on to say that since appellant could not be convicted of committing an extraneous offense it was improper for the State to argue that appellant could be convicted solely on the basis of his admission that he had possessed crack cocaine earlier that morning.

◼ An extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is *not shown in the charging papers.* *McDonald v. State,* 692 S.W.2d 169, 173 (Tex.App.—Houston [1st] 1985, pet. ref'd) (emphasis added); *Gomez v. State,* 626 S.W.2d 113, 114 (Tex.App.—Corpus Christi 1981, pet. ref'd); *Shugart v. State,* 796 S.W.2d 288, 294 (Tex.App.—Beaumont 1990, pet ref'd). Appellant's confession that he possessed a rock of crack cocaine earlier that morning is an act that is clearly "shown in the charging papers." Therefore, the Court of Appeals erred in holding that appellant admitted to committing an extraneous offense. See *Hernandez v. State,* 698 S.W.2d 679 (Tex.Cr.App.1985).

◼ The Court of Appeals also erred in holding that the trial prosecutor could not argue that the jury could find the appellant guilty based upon the judicial admission of the appellant. Appellant's admission met every element of the offense set out in the indictment and the charge. This Court has held that sufficiency of the evidence is measured by the charge that was given to the jury. *Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Cr.App.1984); *Benson v. State,* 661 S.W.2d 708, 714–15 (Tex.Cr.App.1982). Proof of any element may come from either party; it is not required that the proof come solely from the State. Therefore, it was not error for the jury to convict appellant based on his judicial confession or improper for the prosecutor to argue that they could so convict.

Accordingly, we reverse the judgment of the Court of Appeals and remand this cause to that court to consider appellant's remaining points of error.

MALONEY, J., concurs in the result.

CLINTON and OVERSTREET, JJ., dissent.

MEYERS, Judge, concurring.

The problem presented by this case is not so uncommon as we may suppose. Determining whether the evidence adduced at trial proves the alleged offense or a so-called "extraneous offense" is occasionally a matter of considerable importance and often quite difficult to do. Without exploring every context in which the question is critical, a single recent example well illustrates the problem. In *Thomason v. State*, 892 S.W.2d 8 (Tex. Crim.App.1994), the appellant was convicted of stealing money from his employer by a scam involving the purchase of computers that did not exist. During the course of a single year, he committed ten such bogus transactions, eight of which met the description given by the indictment of his offense. Any one of these eight might have been the offense charged. I say "might" because the indictment was not drawn with enough specificity to identify in advance which offense the State intended to prove at trial. But, because our law does not require indictments to be drawn with any greater specificity than this, Thomason was not entitled to quash it for failure to give him specific notice of the crime with which he was charged.

That does not mean, of course, that Thomason's indictment charged him with more than one offense any more than the indictment here charged Rankin with more than one offense. But, just as surely, the allegation of one crime did not rule out the possibility that either defendant was actually guilty of several crimes exactly like the one charged. Clearly, the evidence was sufficient to prove that Thomason and Rankin both committed more than one such offense, offenses which actually amounted to multiple violations of the same penal statute, "on or about" the same date and, in Thomason's case, against the same victim.

The peculiarity of this situation, in which an accusatory pleading charging a single offense with as much specificity as the law requires may refer to any one of several distinct crimes, is precisely what generated the argument, rejected in *Thomason*, that the indictment there actually alleged a single offense under authority of a statute which permits separate theft offenses to be prosecuted *as if they were* a single crime. We rejected that argument because our precedents require a prosecution of several thefts as a single offense to be supported by an indictment which specifically alleges that multiple thefts were committed "pursuant to one scheme or continuing course of conduct." Accordingly, we held in *Thomason* that the indictment charged one crime only and that the one crime charged was not an aggregate version of the eight crimes proven. But we also remanded to the Court of Appeals for a decision whether the State should have been required to elect at trial which of the eight offenses proven it would use to support conviction. Clearly, we would not have done that if we thought seven of the eight offenses were extraneous to the offense charged, since a jury may not be authorized to convict an accused of extraneous offenses.

Does that mean that none of the offenses actually proven at Thomason's trial was extraneous or that seven of them were extraneous but that nobody could tell which ones they were until the State elected which offense it wanted to rely upon for conviction? Thomason himself evidently thought the latter. His points of error on appeal were that the State should have elected which offense to submit for jury consideration and that the trial judge should then have instructed the jury that the others were extraneous offenses, not to be considered except for a limited purpose. In my opinion, it makes far more sense to hold that none of the eight offenses proven against Thomason was an extraneous offense at all, since proof of any one would fully satisfy the allegations of the indictment. I agree, of course, that the State was required by Thomason's demand to make an election and that the jury should not, thereafter, have been permitted to convict Thomason in that proceeding of any

unelected offense. But either way, it is perfectly clear under the precedents of this Court that cases such as *Thomason* and this one present a situation in which the State may elect to have any one of the proven offenses which satisfies the allegations of the accusatory pleading or of an offense included within it submitted for jury consideration.

The main thing that distinguishes Rankin from Thomason in the present context is that, unlike Thomason, he did not ask the State to elect which of the offenses proven at trial it wanted to rely on for a conviction. Clearly, his unusual defensive strategy militated strongly against such a tactic. But he did not thereby avoid the bite of our case law. When the evidence proves two or more instances of misconduct, either of which would support conviction for the alleged offense, and the defendant does not demand an election before the case is submitted for jury consideration, this Court has deemed the evidence sufficient for conviction if it adequately proves either instance of misconduct. *Espinoza v. State*, 638 S.W.2d 479 (Tex.Crim.App. 1982). Of course, under these circumstances, we also consider a subsequent prosecution for any such instance of misconduct to be jeopardy barred because it is impossible to determine which offense the jury actually found the defendant to be guilty of. *Marshall v. State*, 432 S.W.2d 918 (Tex.Crim.App. 1968).

It follows that the prosecutor was quite right in the instant cause to argue that the jury might convict appellant for either offense proven at trial. That is exactly how this Court would have analyzed the problem if confronted with it as a challenge to the sufficiency of evidence on appeal. Surely, it cannot be beyond the jury's power to do so when assessing the weight of evidence at trial. And if the jury was authorized to convict of either offense, it cannot have been error to let the prosecutor argue for such a verdict.

Were we to hold in this cause that Rankin did not confess to the charged offense but only to an extraneous offense for which he could not lawfully be convicted in this cause, it would represent a rather dramatic departure from the way in which we have general-

ly treated such situations in past cases. Because the treatment afforded such cases seems right to me and has not, in any event, been impugned by the parties in this cause, I would be loathe to support any position which overrules it *sub silentio*. Accordingly, I concur in the Court's judgment and, with these additional remarks, join its opinion.

BAIRD, Judge, dissenting.

If this case were likened to a football game, the fans would see an interesting sight indeed. The majority, as referee, picks up and carries the ball a distance sufficient to ensure a victory for the State. To make it more interesting, the majority's end-run occurs out of bounds! Simply put, the issues addressed by the majority are not properly before this Court and, even if they were, the majority opinion, which is purloined from the dissent below, is so lacking in essential critical reasoning that it evinces nothing more than the shortest route to a desired result.

## I.

Following his conviction for possession of a controlled substance, appellant contended: 1) the trial judge erred in overruling an objection to the State's argument; and, 2) the evidence was insufficient to support his conviction. *See*, Brief for Appellant, *Rankin v. State*, 881 S.W.2d 14 (Tex.App.—Houston [1st Dist.] 1994). The Court of Appeals sustained appellant's first point of error concerning the State's argument and reversed. *Id.* However, the Court failed to address appellant's sufficiency point.

It is axiomatic that an appellate court must always address challenges to the sufficiency of the evidence, even though a reversal may be required on other grounds. *Garza v. State*, 715 S.W.2d 642, 642 (Tex.Cr.App.1986); *Jefcoat v. State*, 644 S.W.2d 719, 723 (Tex.Cr. App.1982); *Horne v. State*, 607 S.W.2d 556, 562 (Tex.Cr.App.1980); *Rains v. State*, 604 S.W.2d 118, 120 (Tex.Cr.App.1980); *Watson v. State*, 605 S.W.2d 877, 880–881 (Tex.Cr. App.1980); *Winn v. State*, 871 S.W.2d 756, 758 (Tex.App.—Corpus Christi 1993); *Birl v. State*, 763 S.W.2d 860, 860 (Tex.App.—Texarkana 1988); *Scoggan v. State*, 736 S.W.2d 239, 240 (Tex.App.—Corpus Christi 1987);

*Scott v. State,* 701 S.W.2d 692, 693 (Tex. App.—Fort Worth 1986); *Forte v. State,* 686 S.W.2d 744, 754 (Tex.App.—Fort Worth 1985); *Troncosa v. State,* 670 S.W.2d 671, 679 (Tex.App.—San Antonio 1984); *Daniel v. State,* 648 S.W.2d 354, 355 (Tex.App.—Dallas 1983); *and, Madden v. State,* 630 S.W.2d 380, 387 (Tex.App.—Amarillo 1982). This is because a successful challenge to the sufficiency of the evidence bars retrial and requires the entry of a judgment of acquittal. *Green v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Graham v. State,* 643 S.W.2d 920, 924 (Tex.Cr.App.1981); *Selman v. State,* 663 S.W.2d 838 (Tex.Cr.App.1984); *King v. State,* 645 S.W.2d 782 (Tex.Cr.App.1981); *Fuentes v. State,* 880 S.W.2d 857, 859 (Tex.App.—Amarillo 1994); *Elomary v. State,* 778 S.W.2d 909, 910 (Tex.App.—Texarkana 1989); *Birl,* 763 S.W.2d at 862; *Scoggan,* 736 S.W.2d at 240; *and, Edison v. State,* 630 S.W.2d 696 (Tex.App.—Houston [1st Dist.] 1981).[1] Because appellate review of a sufficiency point is mandatory, an opinion that does not address that point is necessarily *obiter dictum.*

The majority ignores the Court of Appeals' failure to address appellant's sufficiency point and merely remands the case to that Court. In doing so, the majority ignores established precedent which holds that the appropriate action is for this Court to vacate the judgment of the Court of Appeals and remand the case for consideration of appellant's point of error challenging the sufficiency of the evidence. *Armstrong v. State,* 845 S.W.2d 909, 910 (Tex.Cr.App.1993); *Weatherford v. State,* 828 S.W.2d 12, 13 (Tex.Cr.App. 1992); *and, Muniz v. State,* 852 S.W.2d 520, 521 (Tex.Cr.App.1993). Thus the majority, in its quest for a desired result, renders an opinion that reverses an opinion which is pure dictum. Accordingly, the majority

1. These holdings have been codified at Tex. R.App.P. 90(a) which provides in part:
    The court of appeals shall hand down a written opinion which shall be as brief as practicable but which shall address every issue raised and necessary to final disposition of the appeal.

opinion is also *obiter dictum* and not entitled to any deference or respect.

## II.

Even if this Court could properly reach the jury argument issue, established precedent would require us to affirm. It is a fundamental tenet of our system of jurisprudence that an accused must only be tried for the offense with which he is charged and not for being a criminal generally. *Owens v. State,* 827 S.W.2d 911, 915 (Tex.Cr.App.1992). A defendant's trial must, therefore, focus on the accusations made by the State in its pleadings. *Lomas v. State,* 707 S.W.2d 566, 568 (Tex.Cr.App.1986) (citing *Klueppel v. State,* 505 S.W.2d 572, 574 (Tex.Cr.App. 1974)). And the State may not ask a jury to convict a defendant of an extraneous offense which may have been admitted in evidence. *See, Klueppel,* 505 S.W.2d at 574; *and, Melton v. State,* 713 S.W.2d 107 (Tex.Cr.App. 1986).

In *Ridinger v. State,* 174 S.W.2d 319 (Tex. Cr.App.1943), we defined an extraneous offense as "one that is extra, beyond, or foreign to the offense for which the party is on trial." *Id.* at 320. Under this definition, if the testimony of appellant's possession of a controlled substance on the morning of his arrest related to an extraneous offense, the decision of the Court of Appeals is correct and should be affirmed. However, if that testimony did not relate to an extraneous offense, but instead related to the charged offense, the Court of Appeals erred. For the following three reasons, I believe the testimony of appellant's possession of the controlled substance on the morning of his arrest related to an extraneous offense.

### A.

#### The Court of Appeals

The Court of Appeals reviewed the record in this case and found appellant admitted the commission of an extraneous offense:

*Id.* Rule 90 requires the court of appeals to address every point of error which directs their attention to any error about which appellant complains. This clearly includes sufficiency challenges because, as noted above, if successful a judgment of acquittal is required.

... When appellant took the stand and admitted possessing cocaine earlier in the morning, an act that would also fit within the terms of the indictment, *he was admitting that he committed an extraneous offense; he was not admitting that he committed the offense charged and proved up by the State.*

*Rankin v. State*, 881 S.W.2d 14, 17 (Tex. App.—Houston [1st Dist.] 1994).[2] The majority disagrees with this finding and holds the Court of Appeals "erred." *Ante*, 953 S.W.2d at 741. To so hold the majority ignores the policy of deference announced in *Arcila v. State*, 834 S.W.2d 357, 360 (Tex.Cr. App.1992), where we stated:

> ... Like this Court, the courts of appeals are duty-bound to uphold the constitution and laws of this State and of the United States. So long as it appears that they have discharged that duty conscientiously by impartial application of pertinent legal doctrine and fair consideration of the evidence, it is our duty in turn to respect their judgments.

*Id.*

Under *Arcila*, the Court of Appeals' determination that appellant admitted committing an extraneous offense should not be disturbed.[3]

### B.

### The Record

The record establishes appellant admitted the commission of an extraneous offense. A brief recitation of the facts illustrates this point. On March 8, 1992, police officers responded to a family disturbance call at appellant's residence. Appellant was arrested for "assault, family violence" and transported to the Harris County Jail where appellant was removed from the patrol vehicle and booked

into jail. The vehicle was subsequently searched and cocaine was discovered underneath the rear seat.

On May 15, 1992, a Harris County grand jury indicted appellant for possession of cocaine. Trial began on August 4, 1992. On that day, the State presented its case-in-chief, including the officer's testimony concerning the search and discovery of cocaine in the patrol vehicle. After the State rested, appellant and his wife testified in defense. Their testimony established that appellant had a drug problem and was in possession of cocaine *prior to* his arrest. However, each testified that appellant threw this cocaine down the sink in an effort to quit drugs, and that appellant was not in possession of any cocaine at the time of his arrest and transport to the Harris County Jail. Because the State was not aware of appellant's earlier possession of cocaine until appellant and his wife testified, the earlier possession could *not* have been the offense for which appellant was on trial and was, therefore, an extraneous offense.

### C.

### The State's Argument

The majority opinion does not refer to the State's closing argument. However, in that argument the State conceded the possession of the controlled substance on the morning of appellant's arrest was an extraneous offense. Specifically, the State asked the jury to convict appellant of *either* possession of the controlled substance found in the patrol car *or* the cocaine appellant possessed and threw down the sink, prior to his arrest. Because the indictment alleged only one offense and the charge authorized only one conviction, the State, by arguing for an "either/or" conviction, was necessarily asking the jury to convict appellant of an extraneous offense.[4]

---

2. All emphasis is supplied unless otherwise indicated.

3. The majority's holding that the Court of Appeals erred only serves to affirm what I stated in *Mireles v. State*, 901 S.W.2d 458, 462 (Tex.Cr. App.1995) (Baird, J., concurring): "... *Arcila* has become nothing more than a disingenuous attempt by a majority of this Court to provide one-sided relief to the State." After today, there

can be no doubt that *Arcila* has been overruled *sub silentio*.

4. Obviously this argument was persuasive because four of the jurors filed affidavits stating:

> I served on the jury panel of the trial of James Rankin. *I based my verdict on statements made by the prosecuting attorney.* The prosecuting attorney told those of us on the jury that we could find the defendant James

### III.

### A.

The majority loses its way by relying on an erroneous definition of extraneous offense. The majority relies on three court of appeals' opinions to hold an extraneous offense is "any act of misconduct, whether resulting in prosecution or not, that is *not shown in the charging papers.*" *Ante*, 953 S.W.2d at 741, (emphasis in original) (citing, *McDonald v. State*, 692 S.W.2d 169, 173 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd); *Gomez v. State*, 626 S.W.2d 113, 114 (Tex.App.—Corpus Christi 1981, pet. ref'd); *and, Shugart v. State*, 796 S.W.2d 288, 294 (Tex.App.—Beaumont 1990, pet. ref'd)). However, reliance on these opinions is erroneous because they have no precedential value. *Sheffield v. State*, 650 S.W.2d 813, 814 (Tex.Cr.App. 1983).[5]

Had the majority followed *Ridinger*'s established definition of an extraneous offense, it would have found the testimony of appellant and his wife related to an extraneous offense. The instant indictment alleged *only one* possession, namely possession of the cocaine discovered during the search of the patrol car. This is clear because that was the *only* possession of which the State had knowledge. Indeed, the State's case-in-chief established that possession and *only* that possession. The second possession occurred at appellant's home *prior to* his arrest. The State did not become aware of the second possession until appellant and his wife testified. This occurred three months *after* the instant indictment was returned. Even though the second possession was of the same type as that alleged in the indictment, it was nevertheless an extraneous offense because it was *not* the possession charged in the indictment for which appellant was on trial.

### B.

The erroneous definition employed by the majority focuses on the general type or class of offense charged rather than the specific offense alleged in the indictment. According to the majority, so long as the extraneous offense is the type alleged in "the charging papers" it is not an extraneous offense. This reasoning demonstrates a fundamentally flawed understanding of extraneous offenses and due process notice requirements.[6]

The majority opinion will lead to many extreme consequences. Two such consequences immediately come to mind. First, the majority opinion will dramatically alter our double jeopardy jurisprudence. The State will now be limited to one prosecution for all offenses that are of the same type or class because, under the majority's rationale, all similar offenses will necessarily have been alleged in "the charging papers." Consequently, following one prosecution, all other similar prosecutions will be jeopardy barred.

Secondly, the majority opinion will dramatically affect our jurisprudence concerning indictments. Tex.Code Crim.Proc.Ann. art. 21.11 requires an indictment to charge the commission of an offense in "ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant." Prior to the majority opinion, an indictment which tracked the statutory language would survive a motion to quash. *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex.Cr.App.1994); *and, Ex parte Porter*, 827 S.W.2d 324, 327 (Tex.Cr.App.1992).

Rankin guilty because he admitted on the witness stand that he possessed a controlled substance earlier that day. *I would not have voted guilty had the prosecutor not told us this. I was not convinced beyond a reasonable doubt that the defendant possessed a controlled substance in the back of the police car as the prosecution alleged.*

**5.** Clearly, the majority did not engage in any independent research or analysis of this issue. The majority opinion is nothing more than a restatement of the dissent in the Court of Appeals. *Rankin*, 881 S.W.2d at 14 (Duggan, Mirabal, Wilson and Hedges, JJ., dissenting). *See,* appendix A. However, the dissent is not cited in the majority opinion. Such plagiarism is shameful and serves only to embarrass this Court.

**6.** Judge Meyers' concept of extraneous offenses and due process notice requirements is even more flawed than that of the majority. Judge Meyers' separate concurring opinion is based solely on *Thomason v. State*, 892 S.W.2d 8 (Tex.Cr.App.1994), a case which has absolutely no relevance to the issues presented in the instant case.

However, this will no longer be true, especially in possession cases. Because many of those who possess drugs, regularly violate our statutes prohibiting possession of controlled substances, indictments alleging those offenses must now be specific rather than general. Due process will require the State to allege the offense in such a way as to distinguish it from any and all similar offenses the defendant may have committed. This, by necessity, will include allegations of the exact time and precise location of the offense. In light of the majority opinion, the trial judge would have erred in not granting a motion to quash the instant indictment.

### IV.

The majority errs in addressing an issue which is not properly before the Court. And compounds the error by reversing the Court of Appeals which correctly found the State erred in asking the jury to convict appellant of an extraneous offense. Because the majority ignores our case law and reverses that judgment, I dissent.

### APPENDIX A

DUGGAN, Justice, dissenting.

I dissent from the en banc majority's refusal to grant the State's motion for rehearing. I would grant the motion to rehear en banc, withdraw our panel opinion issued upon appellant's motion for rehearing, and affirm the trial court's judgment. The original panel, of which I was part, erred in the analysis in our opinion on appellant's motion for rehearing, in which we reversed appellant's conviction.

The panel opinion on appellant's motion for rehearing correctly acknowledges that appellant was not required to demand that the State make an election because "the State introduced evidence of only one act of possession, i.e., the cocaine found in the rear of the patrol car." Election was not involved. When the State rested its case-in-chief, appellant was not without notice of what act he was called upon to defend. During the presentation of the defense's case, appellant placed before the jury by his judicial confession the fact of a separate act of possession of cocaine, one that met all the elements of the indictment. The basis for requiring a State's election was simply not present; the State presented only one of the two fact scenarios shown.

The panel opinion on rehearing then proceeds to state—erroneously, I believe—that "[w]hen appellant took the stand and admitted possessing cocaine earlier [on the same day], an act that would also fit within the terms of the indictment, *he was admitting* that he committed *an extraneous offense; he was not admitting* that he committed *the offense charged and proved up by the State.*" (Emphasis added.) The quoted and italicized words point up the majority's two errors: (1) rejecting the offense proved by appellant's judicial confession by labelling it as "extraneous," contrary to the well established definition of that term, and (2) assuming that only State's evidence is allowed to prove an indictment.

The "extraneous" offense

Appellant argues in his brief that his judicial confession was to "a prior uncharged possession," or "an uncharged collateral offense." The panel opinion's characterization of the defense-proved possession as an "extraneous offense" erroneously accepts that argument.

Appellant's judicial confession to possession of cocaine was not an extraneous offense, as the term is interpreted. This Court has previously recognized the accepted definition of an "extraneous offense" as "any act of misconduct, whether resulting in prosecution or not, that is *not shown in the charging papers.*" *McDonald v. State,* 692 S.W.2d 169, 173 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) (emphasis added); *Gomez v. State,* 626 S.W.2d 113, 114 (Tex.App.—Corpus Christi 1981, pet. ref'd); *Shugart v. State,* 796 S.W.2d 288, 294 (Tex.App.—Beaumont 1990, pet. ref'd). Clearly, the act of possession of cocaine to which appellant judicially confessed is described precisely in the indictment; is therefore "shown in the charging papers;" and is consequently not an extraneous offense.

What evidence suffices to prove an indictment's allegations?

The panel opinion's second erroneous basis for striking down appellant's judicial confession as improper proof under the indictment is that the judicial confession was not "proved up by the State," but by the defense. I know of no limitation on sufficiency of evidence that restricts proof of the elements of an indictment to one side or the other. Jurors are routinely instructed that they are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to the evidence. They are not instructed that proof of any element must come from one party or the other.

Further, it is well settled that sufficiency of the evidence is measured by the charge that was given the jury. *Boozer v. State*, 717 S.W.2d 608, 610 (Tex.Crim.App.1984); *Ortega v. State*, 668 S.W.2d 701, 703 (Tex.Crim.App.1983); *Benson v. State*, 661 S.W.2d 708, 714–15 (Tex.Crim.App.1982). Whether the jury chose to believe the State's testimony or the defendant's judicial confession, either version constituted evidence that met every element of the offense set out in the indictment and the charge.

I would hold that the prosecutor did not err in closing argument by inviting the jury to consider both the State's *and* the defendant's versions of the evidence, and to convict under either.

I would grant the State's motion for en banc hearing, set aside the panel's opinion on rehearing, and affirm the trial court's judgment.

MIRABAL, WILSON, and HEDGES, JJ., join in the dissent.

BAIRD, Judge, dissenting, on Denial of Appellants' Motion for Rehearing.

A jury found appellant guilty of possession of a controlled substance, namely cocaine, weighing less than 28 grams. Appellant pled true to two enhancement counts, and the jury assessed punishment at twenty-five years' confinement. The Court of Appeals reversed. *Rankin v. State*, 881 S.W.2d 14 (Tex.App.—Houston [1st] 1994). We granted the State's petition for discretionary review and reversed the judgment of the Court of Appeals. *Rankin v. State*, 953 S.W.2d 740 (Tex.Cr.App.1996). This Court now refuses to hear appellant's motion for rehearing.

This decision is in clear conflict with *McFarland v. State*, 930 S.W.2d 99 (Tex.Cr.App. 1996), where Judge McCormick correctly determined when the Court of Appeals fails to address appellant's challenge to the sufficiency of the evidence, the case is not properly before us. "This Court has held that an appellate court must examine and decide a sufficiency challenge even if the conviction must be reversed on other grounds." *McFarland*, 930 S.W.2d at 100 (citing *Foster v. State*, 635 S.W.2d 710, 717 (Tex.Cr.App. 1982)).

Accordingly, our opinion in this case should be withdrawn and the judgment of the Court of Appeals vacated. Since the majority fails to follow extablished precedent, I respectfully dissent.