TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00607-CR






Joseph Anthony Robles, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 8674, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING






 A jury convicted Joseph Anthony Robles of possession of a controlled substance
and assessed confinement in the Texas Department of Criminal Justice Institutional Division for
a term of fifteen years. See Tex. Health & Safety Code Ann. § 481.116(d) (West Supp. 2000). 
Robles raises two issues on appeal. We will affirm.


Factual Background


 On September 22, 1998, a Burnet Police Department patrol officer stopped
Robles's vehicle after the vehicle failed to dim its highbeam lights to approaching traffic and
weaved within its lane. The officer also noted that the vehicle was coming from a part of town
where there are a number of bars. Suspecting that the driver was intoxicated, the officer activated
his flashing lights. Robles did not immediately stop but continued driving into a residential
driveway of a known drug dealer's house. Once stopped, Robles exited his car and met the
officer in front of the parol car. Robles's passenger, Sam Hill, remained in the front passenger
seat. Because the officer saw Hill move around and look over his shoulder, the officer
approached the driver's side of the car and observed inside the vehicle two alcoholic beverage
bottles and a clear plastic bag containing a white powdery substance.

 After another officer arrived, the officers handcuffed both Hill and Robles and
placed them in separate patrol cars. After a field test indicated the white powdery substance was
cocaine, a canine unit was called. The dog alerted to additional controlled substances in the car. 
Both Robles and Hill were charged with possession of cocaine with intent to distribute. The jury
found Robles guilty of possession of a controlled substance. Robles raises two issues on appeal.


Discussion


Juror Misconduct

 After his conviction, Robles discovered that a former law enforcement officer, Billy
Dean Ivy, served as a juror. Robles filed a motion for new trial asserting juror misconduct. 
Robles argues that because Ivy failed to respond to questions during voir dire concerning law
enforcement service, Robles was denied the right to diligently exercise his peremptory challenges
and therefore, did not receive a fair trial.

 The juror information card completed by Ivy inquired about prior law enforcement
experience. According to his testimony at the motion for new trial, Ivy indicated "yes" on the
card requesting information about prior law enforcement experience. During voir dire, Robles's
counsel asked, "Is there anybody here who has a relative or close friend or they themselves are
involved in law enforcement?" (Emphasis added.) Ivy is a retired chief of police and did not
respond to the question. Robles argues that Ivy's failure to respond constituted an affirmative
misrepresentation.

 When jury misconduct is raised in a motion for new trial, whether misconduct
occurred is a decision for the trial court which will not be disturbed on appeal absent an abuse of
discretion. Short v. State, 995 S.W.2d 948, 954 (Tex. App.--Fort Worth 1999, pet. ref'd). A
movant for new trial based on jury misconduct must show that the misconduct occurred and that
the misconduct resulted in harm to the movant. See Garza v. State, 630 S.W.2d 272, 274 (Tex.
Crim. App. 1981). The trial court is the sole judge of the credibility of the testifying jurors. 
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). In the absence of pertinent findings,
we must view the evidence adduced at the hearing in the light most favorable to the trial court's
ruling. Quinn v. State, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997).

 We conclude the trial court did not abuse its discretion in denying the motion for
new trial. Defense counsel is obligated to ask questions calculated to bring out information that
could indicate a juror's inability to be impartial and truthful. Jones v. State, 596 S.W.2d 134, 137
(Tex. Crim. App. 1980). Unless defense counsel asks such questions, the material information
which a juror fails to disclose is not "withheld." Armstrong v. State, 897 S.W.2d 361, 364 (Tex.
Crim. App. 1995) (citing Jones, 596 S.W.2d at 137).

 Ivy affirmatively identified his prior law enforcement involvement when he
completed his juror information card. No evidence suggests Robles did not have the juror
information cards when conducting voir dire. Robles was on notice of Ivy's law enforcement
involvement and could have pursued that line of questioning with him if he so desired. The
question asked regarding current law enforcement did not apply to Ivy. Therefore, Ivy did not
withhold information and did not engage in misconduct. We conclude the trial court properly
denied the motion for new trial. We overrule Robles's first issue.


Admission of Extraneous Offense During Guilt-Innocense Phase

 In his second issue, Robles argues that the trial court erred by allowing the State
to present evidence in rebuttal of an extraneous offense during the guilt-innocence phase of the
trial. Robles presented the testimony of Sam Hill to disprove Robles's intent and knowledge of
the existence of controlled substances. Hill testified that he pleaded guilty to possession of a
controlled substance with intent to deliver as a result of his arrest on September 22, 1998. He
testified, however, that cocaine was not in the vehicle when he and Robles were arrested. He also
testified that he did not know the source of the bottles of alcoholic beverages or the cocaine found
in the car. The State then sought to question Hill about a previous arrest of Robles and Hill
pursuant to Rule of Evidence 404(b). Over Robles's objection, the trial court permitted the State
to prove the extraneous transaction.

 An extraneous offense is any act of misconduct, whether resulting in prosecution
or not, that is not shown in the charging documents. Rankin v. State, 953 S.W.2d 740, 741 (Tex.
Crim. App. 1996). The State may present rebuttal evidence that tends to refute a defensive
theory. Easley v. State, 978 S.W.2d 244, 251 (Tex. App.--Texarkana 1998, pet. ref'd). The
possibility that the rebuttal evidence may encompass extraneous offenses or acts of the defendant
does not preclude its admission. Id. An extraneous offense may be admissible if it has relevance
apart from its tendency to prove the character of a person in order to show that he acted in
conformity therewith. Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op.
on reh'g). Evidence which logically serves such purpose as "proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident" is relevant beyond its
tendency to prove conformity to character. Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at
387 (op. on reh'g).

 Whether evidence of an extraneous offense is relevant apart from character
conformity is a question for the trial court. Montgomery, 810 S.W.2d at 391 (op. on reh'g). The
trial court must conclude that the evidence tends in logic and common experience to serve some
purpose other than character conformity to make the existence of a fact of consequence more or
less probable than it would be without the evidence. Id. On appeal, we may not reverse a trial
court whose ruling on an evidentiary matter was within the zone of reasonable disagreement. Id. 
We review not only the relevance of the evidence but also the State's need for it as well. Id. at
392. We will reverse only for an abuse of discretion. Santellan v. State, 939 S.W.2d 155, 169
(Tex. Crim. App. 1997).

 Robles raised the issue of his lack of knowledge or intent regarding the existence
of the controlled substances through Hill's testimony. Hill denied that there were controlled
substances in the vehicle when he and Robles were stopped. The State was then entitled to offer
rebuttal evidence which went directly to this defensive theory. The State presented evidence of
another incident involving Hill and Robles and the presence of controlled substances. The State
offered the testimony of two Marble Falls police officers who had previously found Robles and
Hill in the possession of controlled substances. An officer testified that he observed Robles and
Hill driving into a retirement center parking lot on June 12, 1998. When the two saw the officer
they acted nervous and fled on foot. The officer found bags of marijuana under the vehicle Hill
had been driving and in which Robles had been a passenger. When the officers apprehended
Robles he had over $300 in cash in his pocket.

 By presenting evidence that no cocaine was present in the vehicle when they were
stopped, Robles put the issues of knowledge and intent in issue. A similar offense tends to show
Robles's intent to possess controlled substances and his knowledge that such possession is illegal. 
See Powell v. State, 5 S.W.3d 369, 383 (Tex. App.--Texarkana 1999, pet. ref'd), cert. denied, ___
U.S. ___, 120 S. Ct. 1976 (2000). We believe the trial court could have reasonably concluded
that the extraneous conduct tended to make more probable the allegation that Robles possessed
a controlled substance in the present offense. We overrule Robles's second issue.


Conclusion


 Having overruled each of Robles's issues, we affirm the trial court judgment.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 31, 2000

Do Not Publish



nse during the guilt-innocence phase of the
trial. Robles presented the testimony of Sam Hill to disprove Robles's intent and knowledge of
the existence of controlled substances. Hill testified that he pleaded guilty to possession of a
controlled substance with intent to deliver as a result of his arrest on September 22, 1998. He
testified, however, that cocaine was not in the vehicle when he and Robles were arrested. He also
testified that he did not know the source of the bottles of alcoholic beverages or the cocaine found
in the car. The State then sought to question Hill about a previous arrest of Robles and Hill
pursuant to Rule of Evidence 404(b). Over Robles's objection, the trial court permitted the State
to prove the extraneous transaction.

 An extraneous offense is any act of misconduct, whether resulting in prosecution
or not, that is not shown in the charging documents. Rankin v. State, 953 S.W.2d 740, 741 (Tex.
Crim. App. 1996). The State may present rebuttal evidence that tends to refute a defensive
theory. Easley v. State, 978 S.W.2d 244, 251 (Tex. App.--Texarkana 1998, pet. ref'd). The
possibility that the rebuttal evidence may encompass extraneous offenses or acts of the defendant
does not preclude its admission. Id. An extraneous offense may be admissible if it has relevance
apart from its tendency to prove the character of a person in order to show that he acted in
conformity therewith. Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op.
on reh'g). Evidence which logically serves such purpose as "proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident" is relevant beyond its
tendency to prove conformity to character. Tex. R. Evid. 404(b); Montgomery, 810 S.W.2d at
387 (op. on reh'g).

 Whether evidence of an extraneous offense is relevant apart from character
conformity is a question for the trial court. Montgomery, 810 S.W.2d at 391 (op. on reh'g). The
trial court must conclude that the evidence tends in logic and common experience to serve some
purpose other than character conformity to make the existence of a fact of consequence more or
less probable than it would be without the evidence. Id. On appeal, we may not reverse a trial
court whose ruling on an evidentiary matter was within the zone of reasonable disagreement. Id. 
We review not only the relevance of the evidence but also the State's need for it as well. Id. at
392. We will reverse only for an abuse of discretion. Santellan v. State, 939 S.W.2d 155, 169
(Tex. Crim. App. 1997).

 Robles raised the issue of his lack of knowledge or intent regarding the existence
of the controlled substances through Hill's testimony. Hill denied that there were controlled
substances in the vehicle when he and Robles were stopped. The State was then entitled to offer
rebuttal evidence which went directly to this defensive theory. The State presented evidence of
another incident involving Hill and Robles and the presence of controlled substances. The State
offered the testimony of two Marble Falls police officers who had previously found Robles and
Hill in the possession of controlled su