IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 081-03






FREDDIE L. CAMPBELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N




 We find ourselves at this juncture because our case law has confounded "same act" in the sense
of "same statutory offense" and "same act" in the sense of "same conduct." Rankin v. State, 953 S.W.2d
740 (Tex. Crim. App. 1996), is a recent and perhaps the most obvious example of this confounding. We
have an opportunity in this case to separate and clarify these concepts.

 In Rankin, the defendant denied possessing the cocaine that the police found in a patrol car after
he sat in it, but he confessed to an extraneous offense: a separate, unrelated offense of possession at his
home earlier in the day involving different cocaine. The Rankin Court defined an extraneous offense as any
act of misconduct (conduct) that is not shown in the charging papers. It then held that Rankin's confession
of commission of the same offense that was charged in the indictment (the same statutory offense)
authorized conviction for possession based on the extraneous offense (different conduct). The Court thus
confounded proof of the charged statutory offense of possession of an identifiable quantity of a controlled
substance with proof of the uncharged conduct (possession of a different identifiable quantity of drugs at
a different location) that constituted the same statutory offense: possession is possession.

 This case presents almost the same fact pattern as in Rankin. In each case, the appellant was
charged with and tried for possession of an identifiable quantity of drugs with intent to deliver and denied
possessing the drugs. At trial, both appellants admitted to possession of a different, smaller, identifiable
quantity of the same controlled substance on the same day, but in a different location from the charged
possession. Neither quantity of controlled substance was ever discovered by authorities, and the only
evidence of its existence was the defendant's testimony at trial. The difference, as Presiding Judge Keller
notes in her concurrence, is that the prosecutor in Rankin chose to adopt the confession to an extraneous
offense. As a result, we cannot know which rock of cocaine the jury believed that Rankin possessed. 
While I find it mildly amusing that in Rankin the state requested, and received, essentially the same relief
that it now opposes, it appears to me that, in this case, the state is correct.

 Authorizing a jury to convict a defendant of a lesser-included offense in such circumstances is an
invitation to a person accused of possession of large quantities of controlled substances, with or without
intent to deliver, to deny the possession alleged in the indictment, then confess to possession of a smaller
quantity at some other location and become eligible for a lighter penalty. It would not be unreasonable to
suspect that such a ploy is an effort to convince a jury of a defendant's forthrightness, and thereby bolster
his credibility and his honesty: If he is honest enough to tell the truth about drugs that the police did not
know about, surely he would also be truthful about drugs the police did know about.

 Perhaps we need to return to the reasoning of Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim.
App. 1973), which stated, "The same offense means the identical criminal act, not the same offense by
name." The allegations in an indictment may adequately describe not only the charged conduct but also
uncharged repetitions or uncharged lesser-included offenses of the same statutory offense. However, the
fact that an allegation is adequate to describe uncharged conduct as well as the charged conduct does not
logically lead to a conclusion that proof of the uncharged conduct is sufficient to prove the charged conduct. 
The correct solution is not to authorize conviction for the charged offense based on similar, but uncharged,
conduct, but rather to file charges against such a confessing defendant for the offense he confessed to,
regardless of the outcome of the trial on the original charge.

 Johnson, J.

Filed: October 27, 2004

En banc

Publish