IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 81-03






FREDDIE CAMPBELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keller, P.J., filed a concurring opinion in which KEASLER, HERVEY,
and HOLCOMB, JJ., joined.


CONCURRING OPINION



 In our "on or about" jurisprudence, we have recognized the impracticality of requiring the
indictment to specify the exact time a crime has occurred. For some crimes, pinpointing the exact year may
be impractical, until evidence is presented at trial. (1) But multiple violations of the same statute can occur
even during the same day. (2) The exact time of the crime, and also the exact location, are really evidentiary
facts that the State should not be required to allege with exactness in the indictment. This leeway regarding
evidentiary facts, however, creates the issue of what to do with multiple offenses that conform to the same
indictment (as indicted or as a lesser included). Two separate crimes that conform to the same indictment
are still two separate crimes, but the question becomes, if evidence of two or more crimes conforming to
the indictment is presented at trial, which crime is the crime for which the defendant was indicted?

 To handle this issue, we have developed a jurisprudence that incorporates election and addresses
double jeopardy concerns. When the State presents evidence of a criminal act that conforms to the
indictment, it has impliedly adopted that act as covered by the indictment. When multiple criminal acts that
conform to the indictment are presented by the State, all such acts are impliedly adopted, unless the State
makes an election specifying which of the multiple criminal acts is the one charged. (3) This "election" rule
avoids the difficulty of trying to figure out which offense the State intended to be the charged offense when
the State has failed to make its intentions known. So, if the State presents evidence of multiple criminal acts
conforming to the indictment, and no election is made, then all of the acts are considered as the charged
offense. (4) This means evidence of all of them is admissible and can be used to support the conviction, but
it also means that they are all jeopardy barred in any future prosecution. And the State will be able to get
only the number of convictions authorized by the indictment. (5) For instance, if one sexual assault offense
was charged, and evidence of five sexual assaults conforming to the indictment was admitted - and no
election took place - that evidence would be evidence of the charged offense and would support the
conviction, but only one conviction would be allowed, and any future prosecution would be jeopardy
barred for all five of the sexual assaults. Both the State and the defendant stand to benefit from that
situation. The State would gain an increased likelihood of obtaining a conviction and having it upheld on
appeal while the defendant would reduce his exposure to punishment by reducing the number of convictions
for his multiple criminal acts.

 But either party has the ability to avoid the scenario in which a conviction is supported by evidence
of multiple criminal acts. The State can choose to elect, or the defendant can choose to require the State
to elect. (6) In that event, the State would specify which criminal act constitutes the offense for which the
defendant was indicted, and the remaining criminal acts would be extraneous offenses. The latter offenses
could not be considered the indicted offense for the purposes of conducting a sufficiency review on appeal. 
On the other hand, the State would preserve its ability to prosecute those latter crimes in the future.

 But what happens if the defendant introduces evidence of a separate criminal act that conforms
to the indictment? Nothing. Because the State has not introduced the evidence, it has not impliedly
adopted this act as covered by the indictment. The defendant cannot foist upon the State a crime the State
did not intend to prosecute. However, the State can, if it so desires, adopt the crime introduced by the
defendant as a covered offense. That is what happened in Rankin. In argument, the State told the jury that
it could convict based upon the evidence of the crime the defendant had presented. (7) So in Rankin the
State adopted the crime in question. Nevertheless, the defendant was not without a remedy. He could
have required the State to elect, but he did not. (8)

 In this case the State did not adopt, as covered by the indictment, the criminal act about which the
defendant introduced evidence. Appellant's attempt to obtain a lesser included offense instruction based
upon that crime was an improper attempt to foist upon the State an offense the State had not chosen to
prosecute. Even if the Court were to require the State to make an election regarding a crime that the State
never presented to the jury to avoid its inclusion, such a requirement was met here. The State actively
opposed including the defendant's proffered crime within the indictment's coverage by objecting to
appellant's requested lesser included offense. The State's objection was sufficient to constitute an election
if one is thought to be required. (9)

 Because the State never adopted, as covered by the indictment, appellant's proffered lesser
included offense, appellant was not entitled to an instruction on it. With these comments, I join the opinion
of the Court.

 KELLER, Presiding Judge

Date filed: October 27, 2004

Publish
1. See Sledge v. State, 953 S.W.2d 253, 255-256 (Tex. Crim. App. 1997).
2. See Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996).
3. See Ex parte Goodbread, 967 S.W.2d 859, 860-861 (Tex. Crim. App. 1998).
4. Id.
5. Id.
6. Id.; Espinoza v. State, 638 S.W.2d 479, 480 (Tex. Crim. App. 1982).
7. Rankin, 953 S.W.2d at 741.
8. Id. at 743 (Meyers J., concurring).
9. Goodbread, 967 S.W.2d at 861 n. 2.