IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                               NO.
PD-0363-05



 

 

                                            RAYMOND JEFFERSON, Appellant

 

v.

 

THE STATE OF TEXAS

 

 



ON APPELLANT=S PETITION
FOR DISCRETIONARY REVIEW

FROM THE FOURTEENTH COURT OF APPEALS

HARRIS COUNTY



 

 

Cochran, J., filed a concurring
opinion, in which Price and Johnson, JJ., joined.

 

 

OPINION

 

I join the
majority opinion.  I write separately only because the resolution of cases of
this nature may not be intuitively obvious to the discerning reader, except
perhaps to one=s eighth-grade English teacher who is accustomed to
parsing sentences and diagraming adverbial phrases.








As the majority
correctly holds, the unanimity requirement is directed toward that act which
makes the conduct criminal.  To determine the forbidden conduct, we look to the
statute defining the penal offense.  In defining the offense of injury to a
child, the legislature  (perhaps inelegantly) stated:

(a) A person commits an offense if
he intentionally, knowingly, recklessly, or with criminal negligence, by act or
intentionally, knowingly, or recklessly by omission, causes to a child, elderly
individual, or disabled individual:

(1)     serious bodily
injury;

(2)     serious mental
deficiency, impairment, or injury; or

(3)     bodily injury.[1]

 

To determine what
conduct the jury must be unanimous about, we look for the main (transitive)
verb in the statute.  It is Acauses.@  Because the verb
Acauses@ requires a direct
object, the full description of the prohibited conduct, under section
22.04(a)(1) as alleged in this case, is Acauses serious
bodily injury.@  The other elements that require unanimity are: the
defendant; the person who suffered serious bodily injury; and the specific
occasion on which the act occurred (usually designated by a given date, but, as
recent cases have shown, this element is a moveable feast).[2]








But, one might
reasonably ask, aren=t Astriking Raysate
Knight with his foot,@ Acausing Raysate
Knight=s head to strike
an unknown object,@ Afailing to
intercede or stop the physical abuse of Raysate Knight by Connie Knight,@ and Afailing to provide
proper medical care to Raysate Knight,@ all very
different acts?  Yes, of course they are.  But the specifics of how the
defendant caused serious bodily injury are not the gravamen of the offense and
not the statutorily prohibited conduct.  In this statute, the legislature was
concerned about the result of the defendant=s conduct; he
caused serious bodily injury.  It really doesn=t matter, for
purposes of criminal liability, how he did it.  He may have done it with
an affirmative act; he may have done it by failing to act when he should have
acted.  He may have hit her, bitten  her, poisoned her, or failed to stop
someone else from hitting her, biting her, or poisoning her.  It would be nice
to know exactly what the defendant didBprecisely what act
he performed or failed to performed that caused serious bodily injuryBbut the
legislature did not predicate criminal liability for injury to child on the
specific act the defendant performed.  It is enough, for purposes of criminal
liability, that the defendant did Asomething@ or failed to do Asomething,@ and that act,
whate=er it may be,
caused serious bodily injury.








Returning to our
eighth-grade English teacher, how does she know the distinction between the Amain@ verb which
defines the prohibited conduct and to which the jury unanimity requirement
applies, and descriptive phrases that define the Amanner and means@ by which the
defendant commits the prohibited act?  Usually, those descriptive averments are
adverbial phrases introduced by the preposition Aby.@  Thus, Aby striking Raysate
Knight with his foot,@ Aby causing Raysate
Knight=s head to strike
an unknown object,@ Aby failing to
intercede or stop the physical abuse of Raysate Knight by Connie Knight,@ and Aby failing to
provide proper medical care to Raysate Knight,@ are all adverbial
phrases describing precisely how the defendant caused serious bodily
injury to Raysate.[3] 


The use of the
prepositional word Aby@ in either a
statute or an indictment is a tip-off that probably (eighth-grade teachers are
rarely dogmatic and always leave the door open for idiosyncracies)[4]
the phrase will be a description of how the offense was committed.  But that
phrase is not the gravamen of the offense, and it is not the legislative
definition of the  prohibited conduct for which jury unanimity is required.  








In sum, we must
return to eighth-grade grammar to determine what elements the jury  must
unanimously find beyond a reasonable doubt.  At a minimum, these are:  the
subject (the defendant); the main verb;  and the direct object if the main verb
requires a direct object (i.e., the offense is a result-oriented crime); and
the specific occasion (the date phrase within the indictment, but narrowed down
to one specific incident regardless of the date alleged[5]). 
Generally, adverbial phrases, introduced by the preposition Aby,@ describe the
manner and means of committing the offense.  They are not the gravamen of the
offense, nor elements on which the jury must be unanimous.

With these
comments, I join the majority opinion. 

 

Filed: April 12,
2006

Publish









[1]
Tex. Penal Code ' 22.04.





[2]
See Rodriguez v. State, 104 S.W.3d 87, 90-91 (Tex. Crim. App. 2003)
(holding that when the indictment alleges only one occurrence of delivery of a
controlled substance, the State may introduce other instances of controlled
substance deliveries to the same person under the theory that the deliveries
are part of the charged offense); see also Sledge v. State, 953 S.W.2d 253 (Tex. Crim. App. 1997); Rankin
v. State, 953 S.W.2d 740 (Tex. Crim. App.
1996).





[3]
See, e.g, Ngo v. State, 175 S.W.3d 738, 746, n. 27 (Tex. Crim. App.
2005) (noting that the gravamen of the offense of murder, on which the jury
must be unanimous, is causing the death of a person, such as Rasputin; but the
jury need not be unanimous on the manner and meansBAby
poisoning, garroting, shooting, stabbing, or drowning@Bof
how Prince Yussupov caused Rasputin=s
death).





[4]
For example, the legislature could have written the injury to a child statute
in a particularly inelegant way:

A person commits the offense of injury
to a child by causing serious bodily injury to a child.

In that case, of course, the
gravamen of the offense is still Acause
serious bodily injury@
because that is still the prohibited conduct and it is still the main verb
defining the conduct.





[5]
See, e.g., O=Neal
v. State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988).