Opinion issued December11, 2008



 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00442-CR

 





GEORGE URBINA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 05CR1488 






MEMORANDUM OPINION


 A jury convicted appellant, George Urbina, of indecency with a child by
contact. (1) The trial court found an enhancement paragraph true and assessed
punishment at confinement for seven years with credit for 17 days already served. 
In his sole point of error, appellant contends that his trial counsel was ineffective in
failing to object to the introduction of extraneous offenses. 

 We affirm.

Background


 The complainant, appellant's daughter, accused appellant of reaching under her
shirt and bra and feeling her breasts. At trial, the complainant testified that she was
helping to babysit her brothers at a family member's home when appellant came to
pick up the complainant and her brothers at four in the morning. She testified that
appellant appeared intoxicated. As appellant drove them home, the complainant's
brother was crying on the floor of the truck, and the complainant was trying to help
appellant keep the truck in one lane. When they got home, the complainant went to
sleep and did not wake up until later in the day when appellant tried to wake her. 
Appellant first tried to wake the complainant by telling her to get up, but eventually
appellant went into her room and lay down in the bed with her. The complainant was
lying on her side, and appellant was next to her, facing her back. Appellant put his
arm around her and put his hand under her shirt and bra and touched her breast. The
complainant pushed his hand away and appellant tried to put his hand in her pants,
but she rolled off the bed and went to take a shower. When the complainant got out
of the shower, she called her mom to tell her what happened. The complainant's
mother, Mary Diaz de Leon, testified that she asked the complainant's aunt, who was
closer to appellant's home, to pick up the complainant. The aunt testified that the
complainant seemed very upset and unusually quiet on the ride to her house. Diaz de
Leon picked up the complainant from her aunt's house and took her home, where they
talked about what happened and decided to call the police. 

 De Leon also testified about the complainant's relationship with appellant. She
testified that appellant was the complainant's father, but that, even though he knew
of the complainant's existence before her birth, appellant was not involved in the
complainant's life until the complainant was ten years old. In the five years prior to
the incident, the complainant and appellant had formed a good relationship, and the
complainant had even lived with appellant at various times.

 Appellant's trial counsel neither objected to the testimony about appellant's
relationship with the complainant nor to the complainant's testimony that appellant
drove her and her brothers home while appellant was apparently intoxicated. 
Appellant did not file a motion for a new trial to determine the strategy of the trial
counsel. 

Standard of Review

 We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984);
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). First, appellant
must show that his trial counsel's representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this
deficiency in representation, the defendant must demonstrate that his counsel's
performance deviated from prevailing professional norms. Id. at 688, 104 S. Ct. at
2065; McFarland v. State, 845 S.W.2d 824, 842-43 (Tex. Crim. App. 1992). Second,
the defendant must show prejudice. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
The failure to satisfy one prong of the Strickland test negates a court's need to
consider the other. Id. at 697, 104 S. Ct. at 2069.

 Appellant bears the burden of proving by a preponderance of the evidence that
his counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999). Appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission. Bone v. State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002). Appellant must overcome the presumption that his
trial counsel's strategy was sound and must affirmatively demonstrate the alleged
ineffective assistance of counsel. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
App. 2003); Thompson, 9 S.W.3d at 814. We cannot speculate beyond the record
provided; rather, a reviewing court must presume that the actions were taken as part
of a strategic plan for representing the client. Rylander, 101 S.W.3d at 110-1. 
Furthermore, when an ineffective assistance claim alleges that counsel was deficient
in failing to object to the admission of evidence, the defendant must show as part of
his claim that the evidence was inadmissible. Ortiz v. State, 93 S.W.3d 79, 93 (Tex.
Crim. App. 2002)Analysis

 Appellant contends that his trial counsel was ineffective for failing to object
to testimony that he was not involved in the complainant's life until she was ten years
old and that he had driven while intoxicated with the complainant and her siblings in
the truck. Appellant argues that this testimony was of inadmissible extraneous
offenses and that his trial counsel's failure to object was extremely harmful and
cannot be construed as part of any trial strategy.

 Extraneous Offense Evidence

 An extraneous offense is any act of misconduct, whether resulting in
prosecution or not, that is not shown in the charging papers. Rankin v. State, 953
S.W.2d 740, 741 (Tex. Crim. App. 1995). In general, extraneous offense evidence
is inadmissible "to prove the character of a person in order to show action in
conformity therewith." See Tex. R. Evid. 404(b); Batiste v. State, 217 S.W.3d 74, 84
(Tex. App.--Houston [1st Dist.] 2006, no pet.). However, for crimes against
children, including indecency with a child, the Texas Code of Criminal Procedure
provides:

[E]vidence of other crimes, wrongs, or acts committed by the defendant
against the child who is the victim of the alleged offense shall be
admitted for its bearing on relevant matters, including:


 (1) the state of mind of the defendant and the child; and


 (2) the previous and subsequent relationship between the 
 defendant and the child.


Tex. Code Crim. Proc. Ann art. 38.37, § 2 (Vernon Supp. 2008). Article 38.37 of
the Texas Code of Criminal Procedure also provides that it "does not limit the
admissibility of evidence of extraneous crimes, wrongs, or acts under any other
applicable law." See id. art. 38.37, § 4.

 Abandonment of a Child

 Appellant has failed to show that the testimony that he did not have any
relationship with the complainant until she was ten years old was inadmissible. See
Ortiz, 93 S.W.3d at 93. He argues that the testimony regarding his lack of a
relationship with the complainant until she was ten years old was evidence of
abandonment of a child. Assuming appellant's actions in not pursuing a relationship
with the complainant did constitute an extraneous wrong or act, it was still properly
admissible because it was relevant to the previous relationship between appellant and
the complainant. See Tex Code Crim. Proc. Ann art. 38.37, § 2.

 Driving While Intoxicated with a Child Passenger

 Appellant has failed to show that his trial counsel's failure to object to the
complainant's testimony that appellant drove his children home while he was
intoxicated was the result of ineffective assistance. See Thompson, 9 S.W.3d at 814;
Ortiz, 93 S.W.3d at 93. The trial court could have chosen to allow the testimony as
relevant to appellant's and to the complainant's state of mind at the time the
complainant was touched by appellant. See Tex Code Crim. Proc. Ann art. 38.37,
§ 2. Furthermore, even if the evidence of driving while intoxicated was not
admissible, appellant has failed to show that his trial counsel did not have a valid
strategy in failing to object to that evidence. See Thompson, 9 S.W.3d at 814
(holding that deficient performance is not shown when record provided no references
to explain why counsel failed to object to attempts to elicit inadmissible testimony).

 Appellant has failed to overcome the presumption that his trial counsel's
strategy was sound. See Rylander, 101 S.W.3d at 110. Because appellant has failed
to establish the first prong of the Strickland test, we do not need to examine the
second prong. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

 We overrule appellant's sole point of error.











Conclusion

 We affirm the judgment of the trial court.

 

 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Penal Code Ann. § 21.11 (Vernon 2003).