In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-579 CR


____________________



ROBERT EARL WILLIAMS, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-08-06040-CR






OPINION


 Appellant Robert Earl Williams, Jr. was indicted for the offense of aggravated sexual
assault, enhanced by prior felony convictions. See Tex. Pen. Code Ann. § 22.021 (Vernon
Supp. 2005). A jury found Williams guilty. The trial court sentenced Williams to fifty-five
years' confinement in the Texas Department of Criminal Justice, Institutional Division. 
Williams asserts the trial court committed reversible error in overruling his objection to the
admission of an extraneous offense of robbery and in failing to grant a mistrial after the
introduction of the extraneous offense. Finding no error, we affirm.

 The seventeen-year-old victim (hereafter, "the teenager") allowed Williams to enter
her apartment to use her phone. Williams had been in the teenager's apartment earlier that
evening, accompanied by another man with whom the teenager was acquainted. When the
teenager asked Williams to get off the phone and leave, he allegedly punched her and
sexually assaulted her. After the alleged assault, Williams removed his bloody T-shirt and
used a towel to wipe the teenager's bloody face. Williams then allegedly left the apartment
with the bloody T-shirt and towel. 

 Williams's complaint regarding the extraneous offense of robbery centers on the
testimony of Letha Stevens, the mother of his six children. Stevens, a resident of the
apartment complex where the sexual assault occurred, testified that in the early morning
hours on the day of the alleged assault she encountered Williams "sneaking up" in the
apartment hallway holding a bloody T-shirt wrapped in a towel.

 Q. [State] What was unusual about the way he appeared to you?

 A. [Stevens] He had his T-shirt wrapped up in a towel.

 Q. Did you notice anything unusual about the T-shirt?

 A. It had blood on it.

 Q. Did you ask him what it was? 

 A. Yeah.

 Q. And what-

 A. Only thing he told me, he told me hurry up and open the door first.

 Q. And what did you say?

 A. And I said: What happened? He said: Just open the door; hurry up. And
when he got in there, he sat on the couch. And I said: What happened? He
said he robbed somebody.

 Q. How did he appear to you? How did he act to you?

 [Defense counsel] Your Honor, I'm going to object.


 Williams arrived at Stevens's apartment while the police were at the same apartment
complex to investigate the sexual assault. Stevens testified that after Williams entered the
apartment, Williams "stayed in the window" and "kept running window to window." 
Stevens also testified that Williams asked her how many police officers were outside and
what they were doing. 

 Williams's first point of error alleges that the trial court committed reversible error
in overruling his objection to the admission of an extraneous robbery. According to
Williams, this testimony was introduced as character evidence and the jury would infer that
"if he's a robber, he's also an aggravated sexual assaulter." The trial court overruled
Williams's objection on the basis there was no evidence that a robbery occurred. 

 This Court reviews the trial court's decision to admit the contested testimony under
an abuse of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001). We will uphold the trial court's decision if it is "within the zone of reasonable
disagreement." Id. The trial court's evidentiary ruling must be upheld if it is "reasonably
supported by the record and is correct under any applicable theory of law . . . [and] even
when the trial court gives the wrong reason for its decision." Carter v. State, 145 S.W.3d
702, 707 (Tex. App. - Dallas 2004, no pet. h.) (citing Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990)). Therefore, we must determine whether or not the testimony about
the robbery was admissible regardless of the trial court's stated basis in admitting the
statement into evidence. 

 Texas Rule of Evidence Rule 404(b) does not allow the admission of evidence of
other crimes or acts to show "the character of a person in order to show action in conformity
therewith." Tex. R. Evid. 404(b). "An extraneous offense is any act of misconduct, whether
resulting in prosecution or not, that is not shown in the charging papers." Manning v. State,
114 S.W.3d 922, 926 (Tex. Crim. App. 2003) (citing Rankin v. State, 953 S.W.2d 740, 741
(Tex. Crim. App. 1996)). Williams asserts that his "confession" to the robbery constitutes
evidence of an extraneous offense. 

 An extraneous offense requires extraneous conduct. See Moreno v. State, 858 S.W.2d
453, 463 (Tex. Crim. App. 1993). "If the challenged evidence does not show that an offense
was committed . . . , then it is not evidence of an extraneous offense." Mayo v. State, 17
S.W.3d 291, 299 (Tex. App. - Fort Worth 2000, pet. ref'd). The State, without citation to
authority, argues that because the statement was offered to show concealment of Williams's
true crime, sexual assault, it was not offered to prove that a robbery had occurred. 

 Even if the statement somehow suggests evidence of another wrong or crime under
Rule 404(b), there are exceptions to Rule 404(b)'s general prohibition against evidence of
other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts that occur in the
same criminal transaction may be admissible despite the general prohibition of Rule 404(b)
where several crimes are blended or intermixed, or so connected that they form an indivisible
criminal transaction, and where full proof by testimony, whether direct or circumstantial, of
any one of them cannot be given without showing the others." See Rogers v. State, 853
S.W.2d 29, 33 (Tex. Crim. App. 1993); see also Wyatt v. State, 23 S.W.3d 18, 25 (Tex.
Crim. App. 2000). 

 In evaluating whether Stevens's testimony that Williams said he committed a robbery
is admissible as same transaction contextual evidence, we apply a two-step process. Rogers,
853 S.W.2d at 32 (citing Mayes v. State, 816 S.W.2d 79, 84-87 (Tex. Crim. App. 1991)). 
First, we must decide if the testimony is relevant under Texas Rules of Evidence 401. 
Rogers, 853 S.W.2d at 32. Rule 401 provides: "'Relevant evidence' means evidence having
any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex.
R. Evid. 401. 

 The events of the early morning hours following the assault are part of a continuum;
one event flows from another. Stevens's testimony that when she saw Williams, he had in
his possession a bloody T-shirt wrapped in the towel is circumstantial evidence relevant to
the element of identity. This evidence, coupled with the teenager's testimony that the
perpetrator left her apartment with a bloody T-shirt and towel helped establish that the person
seen shortly afterwards, in the same apartment complex, was probably the perpetrator of the
crime. In other words, the probability that Williams committed the sexual assault was greater
because he was found in possession of a bloody T-shirt and a stolen towel shortly after the
crime. Stevens's testimony that Williams said "[h]e robbed somebody" was relevant in the
context it was offered in this trial to assist the jury in identifying Williams as the perpetrator.

 Same transaction contextual evidence is admissible not because of its evidentiary
value but because it would be impracticable to avoid describing one act without also
describing the other. Rogers, 853 S.W.2d at 33. After Williams left the teenager's
apartment, he went to Stevens's apartment to hide. When Stevens questioned Williams at
the door to her apartment, he requested that she hurry to open the door and let him inside. 
Stevens was not an eyewitness to the assault, but it is apparent from the record that Williams
sought to use her apartment to hide while the police were present at the apartment complex.

 Conduct relevant to the jury's understanding of how a perpetrator attempts to avoid
detection has been allowed as same transaction contextual evidence. See Prible v. State, No.
AP-74487, 2005 WL 156555, at *6 (Tex. Crim. App. Jan. 26, 2005) (opinion not yet released
for publication). We agree that evidence regarding a perpetrator's efforts to escape detection
may be evaluated as part of the same transaction, and may be necessary to aid the jury's
understanding of the crime. Williams's response to Stevens's question about the blood on
the T-shirt provided him an excuse to remain in Stevens's apartment and thereby avoid
detection on the night of the sexual assault. Williams's statement about robbing someone
was part of a continuum of activity beginning with his presence in the teenager's apartment. 
The evidence about how Williams was able to avoid detection was intricately intertwined
with the sexual assault. Not allowing the testimony in this case would have created a
situation where Stevens's question about the blood on the T-shirt was left unanswered,
despite the fact that Williams apparently offered an explanation. 

 Under the facts of this case, we hold that Williams's statement regarding the robbery
was necessary to aid the jury in establishing the identity of the perpetrator, and to aid the
jury's understanding of how Williams avoided detection on the night of the crime. Because
the evidence regarding Williams's statement was both relevant and necessary, we hold that
it would not have been error for the trial court to admit the evidence as same transaction
contextual evidence. 

 Williams also contends that it was improper to admit the extraneous robbery offense
under Rule 404(b) because the State failed to notify him of its intent to introduce the robbery
at trial. Because the evidence to which Williams objects is same transaction contextual
evidence under Rule 404(b), notice was not required. See Tex. R. Evid. 404(b). Williams
also failed to preserve this error for appeal by failing to raise the issue at trial. See Tex. R.
App. P. 33.1(a).


 Williams further argues that the admission of his statement about a robbery was
irrelevant and highly prejudicial. Relevant evidence tends to make a consequential fact more
or less probable than it would be without the evidence. Tex. R. Evid. 401. As previously
discussed, Stevens's testimony is relevant because it helps identify Williams as the
perpetrator. As to Williams's argument that the robbery evidence was highly prejudicial, we
need not engage in a Rule 403 analysis because no timely Rule 403 objection was made by
Williams's trial attorney. Tex. R. Evid. 403; Tex. R. App. P. 33.1(a); Rankin v. State, 974
S.W.2d 707, 710-11 (Tex. Crim. App. 1996) (citing Montgomery v. State, 810 S.W.2d 372,
388 (Tex. Crim. App. 1991)). Williams's sole objection when this testimony came into
evidence was a Rule 404(b) objection that the robbery was an extraneous offense. 
Williams's complaint regarding the prejudicial nature of the robbery evidence was not
preserved.

 Williams's second point of error contends that the trial court committed reversible
error in failing to grant a mistrial. "Mistrial is appropriate for only 'highly prejudicial and
incurable errors.' It may be used to end trial proceedings when faced with error so
prejudicial that expenditure of further time and expense would be wasteful and futile." 
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, ___ U.S. ___,
124 S.Ct. 2837, 159 L.Ed. 2d 270, 72 U.S.L.W. 3749 (2004). 


 Because it was not error to admit the testimony regarding Williams's statement about
the robbery, it follows that there was no error in denying the request for mistrial. Issue two
is overruled, and the conviction is affirmed.

 AFFIRMED.



 ___________________________

 HOLLIS HORTON

 Justice




Submitted on February 3, 2005

Opinion Delivered March 16, 2005

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.