## George Bradshaw v. The State.

*No. 671. Decided October 28.*

1. **Misdemeanor, Information — Election after Evidence, where there is but One Count — Practice on Appeal.** — Whether an election can be required in misdemeanors where the information contains but one count, and the evidence adduced shows more than one offense of similar character, has been the subject of much diversity of opinion. But such question does not arise and will not be considered where the defendant fails to ask that the State be required to make an election.

2. **Same.** — The general rule is, that the State, and not defendant, has the right of election when required.

3. **Same — Demand of Election by Defendant Insufficient, when.** Where a defendant is authorized to demand an election, he can not do so solely either by objection to evidence or by special requested instruction with regard to evidence.

APPEAL from the County Court of McLennan. Tried below before Hon. W. H. Jenkins, County Judge.

Appellant was prosecuted by information for shooting craps, and at his trial was convicted, the punishment being assessed at a fine of $25.

The complaint upon which the information was based was made by one Jim McCain, and said complaint and information contained but one count, alleging the date of the transaction to be on the 22nd day of January, 1893, and McCain testified, that the crap shooting seen and participated in by him was on that day, in the woods on the Brazos River, on Mr. John K. Rose's place.

Jordan Skelton testified, over objection of defendant: That he had seen defendant and others shooting craps at the Steinbeck farm, and also in Baker's brick yard, and in Mann's pasture sometime last fall. Never saw him playing craps on the Rose farm. Defendant saved a bill of exceptions to this testimony, and also requested the court to instruct the jury, "that by the information defendant is charged with betting at a game with dice on the 22nd day of January, 1893. You are instructed, that if the offense was identified by the witness for the State, and the witness who made the affidavit upon which the information is based, to-wit, Jim McCain, then unless you believe from the evidence, beyond a reasonable doubt, that the defendant bet on a game of craps, as a game played with dice, at the place designated by the State's witness McCain in his evidence, you will find defendant not guilty." This instruction was refused, and defendant saved his bill of exceptions.

No brief for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of playing a game of "craps."

1. The affidavit forming the basis of this prosecution contains but one count, and was made by McCain, who testified to facts constituting the offense charged. The witness Skelton testified to a similar offense, occurring at a different time and place. His evidence was objected to, because not coincident with the case made by McCain's evidence.

Whether an election can be required in misdemeanors where the information contains but one count, and the evidence adduced shows more than one similar offense, has been the subject of much diversity of opinion. Street v. The State, 7 Texas Cr. App., 5; 1 Bish. Crim. Proc., sec. 458, et seq., and notes. Under the view taken of this case, we deem it unnecessary to discuss that question, because the defendant did not ask that the State be required to make an election. When an election is to be had, the rule in this State is, that the prosecution, and not the defendant, is authorized to make its selection of the transaction upon which the State will rely for a conviction. Defendant, when authorized, may demand of the State an election, but this can not be done by objection urged to the evidence sought to be introduced. Such would have been the result of sustaining the objection to Skelton's testimony.

2. The defendant's special charge was but a reiteration of the objection above referred to, wherein he requested the jury be confined to McCain's evidence, to the exclusion of Skelton's testimony, in arriving at their verdict. The court did not err in refusing the charge.

The other points suggested we deem without merit. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.