COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-304-CR
 
  
ERIC 
STEVEN ROUTT                                                             APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        A 
jury found Appellant, Eric Steven Routt (“Routt”), guilty of indecent 
exposure, and the trial judge sentenced him to 180 days’ confinement suspended 
for a period of twenty-four months, and a fine of one hundred dollars. In four 
points, Routt contends that the trial court erred by overruling his objections 
to the admission of extraneous offense evidence and by denying his request for a 
limiting instruction in the jury charge. We affirm.
II. Background Facts and Procedural History
        On 
a Friday evening in July of 2003,[2] Shakita Golden, a 
student at the University of North Texas, entered the computer lab at the Santa 
Fe Hall dormitory to work on a paper due the following week. Seated at the 
computer station next to her was Routt.  Golden testified that as she was 
typing her paper she noticed Routt’s hand moving under the table and that when 
she looked over at Routt she saw that his penis was outside of one side of his 
shorts.  Later, after talking to friends and family, Golden reported the 
incident to the University of North Texas Police Department and to the dormitory 
staff.  Golden also testified regarding a second similar incident that 
occurred a few days later at the same computer lab.  As to the second 
incident, Golden testified that she was in the computer lab working when Routt 
entered the lab and sat at the computer station next to her.  She testified 
that she again noticed Routt moving his hand under the table and that she again 
saw Routt’s penis outside of his shorts.
        Santa 
Fe Hall resident assistant Tanzania Collins testified that around July 16, 2003, 
she observed Routt in the computer lab from her office monitor.  She 
testified that she saw Routt making a jerking motion with his arm while his 
hands were under the computer table and that it appeared that he was 
masturbating.  She stated that she immediately contacted the hall director, 
Cindy McClanahan, who, after viewing the video, called the University of North 
Texas Police Department.
        Detective 
Kelly Sargent and Officer Patrick Burks responded to the call from McClanahan 
and viewed the videotape of the incident.  Detective Sargent testified that 
Routt was then issued a criminal trespass citation and escorted off university 
property.
        Later, 
when Routt went to the University of North Texas Police Department to deal with 
his criminal trespass citation, he was approached by Detective Wes Gilbreath.  
Routt agreed to be interviewed by Detective Gilbreath. In the course of the 
interview, Routt admitted that he had masturbated in the computer lab eight 
times between the fifth and fifteenth of July 2003.  He also admitted that 
he masturbated in front of Shakita Golden on two occasions.  Police 
videotaped Routt’s interview.  Routt also gave police a written 
statement. Routt was subsequently charged by information dated August 1, 2003 
with indecent exposure occurring on or about July 11, 2003.
        Routt 
objected before trial, at a pre-trial hearing, and at trial, to any evidence of 
bad acts occurring on any date other than July 11, 2003, as evidence of 
extraneous offenses.  The trial court overruled Routt’s objections and 
admitted the videotapes from the computer lab, Routt’s written and videotaped 
confession, and the objected-to testimony of Officer Burks, Collins, Detective 
Gilbreath, McClanahan, Detective Sargent, and Golden.[3]
III. Discussion
        In 
his first three points, Routt contends that the trial court erred by admitting 
the videotapes, his written confession, and the testimonial evidence of alleged 
criminal activity on a date other than the specific date charged in the 
information. Specifically, Routt contends that the above-referenced evidence was 
extraneous offense evidence and that its admission violated Rules 401, 402, 403, 
and 404(b) of the Texas Rules of Evidence. In his fourth point, Routt contends 
that the trial court violated his due process rights under both the Texas and 
United States Constitutions by denying him a limiting instruction in the jury 
charge as to evidence of extraneous offenses.
        The 
State responds that the trial court did not error in admitting the evidence or 
in denying Routt the requested jury instruction because the evidence was not 
extraneous offense evidence. In that regard, the State argues that evidence was 
not extraneous offense evidence because the charging instrument alleged an “on 
or about” date and Routt failed to file a motion requiring the State to elect 
which occurrence of the charged offense it would rely upon for conviction.
A. Standard of Review
        We 
review the trial court's decision to admit or exclude evidence under an abuse of 
discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 
2001); Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), cert. 
denied, 520 U.S. 1200 (1997); Montgomery v. State, 810 S.W.2d 
372, 379-80 (Tex. Crim. App. 1990). The test for abuse of discretion is not 
whether, in the opinion of the reviewing court, the facts present an appropriate 
case for the trial court's action; rather, it is a question of whether the court 
acted without reference to any guiding rules or principles, and the mere fact 
that a trial court may decide a matter within its discretionary authority 
differently than an appellate court does not demonstrate such an abuse. Montgomery, 
810 S.W.2d at 391. We will not reverse a trial court's ruling on the admission 
of evidence as long as the ruling is within the zone of reasonable disagreement. 
Id.
B. Analysis
        An 
extraneous offense is defined as any act of misconduct, whether resulting in 
prosecution or not, that is not shown in the charging papers. Rankin 
v. State, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996). It is well settled 
that where a charging instrument alleges the commission of an offense “on or 
about” a given date, the State may prove a date other than the one alleged in 
the indictment, as long as the date is prior to the presentation of the 
indictment and not so remote that prosecution is barred by the statue of 
limitations. See Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App. 
1997). Consequently, when the State uses the “on or about” language in the 
charging instrument, it may present evidence of multiple occurrences of the 
charged offense, on dates different from the date in the charging instrument. See 
Rodriguez v. State, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003). Such evidence 
is not extraneous offense evidence because it is evidence of conduct charged in 
the charging instrument. See McDonald v. State, 692 S.W.2d 169, 173 (Tex. 
App.—Houston [1st Dist.] 1985, pet. ref’d); see also Rankin, 953 
S.W.2d at 741; Rodriguez, 104 S.W.3d at 91.
        On 
the other hand, a defendant may prevent the State from presenting evidence of 
multiple occurrences of the charged offense by moving for the State to elect 
which occurrence it wishes to rely upon for conviction. See Rodriguez, 
104 S.W.3d at 91. Absent a motion by the defendant, however, the State is not 
required to make such an election. O’Neal v. State, 746 S.W.2d 769, 771 
n.3 (Tex. Crim. App. 1988).
        Here, 
the objected-to evidence describes multiple occurrences of the charged offense 
occurring prior to the presentation of the indictment and within the applicable 
limitations period for the charged offense.[4]  
In addition, Routt does not contend, nor do we find, that he filed a motion 
requiring the State to elect any one occurrence upon which to base its 
conviction.[5]  Thus, we conclude that the trial 
court did not error in admitting the objected-to evidence or in denying 
Routt’s request for a limiting instruction because the evidence was not 
extraneous offense evidence.  We overrule Routt’s four points on appeal.
IV. Conclusion
        Having 
overruled Routt’s four points, we affirm the trial court’s judgment.
  
   
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL 
B:   HOLMAN, GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 4, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Though Golden did not testify to the exact date on which this incident occurred, 
the court took judicial notice of the fact that July 11, 2003 was a 
Friday.  July 11, 2003 was the “on or about” date alleged in the 
information.
3.  
It appears that the trial court admitted the disputed evidence as being part of 
the same course of conduct, i.e., as “same transaction contextual” 
evidence.  We need not determine, however, whether this evidence is “same 
transaction contextual,” because we affirm under a different legal 
theory.  It is well established that the mere fact that a correct ruling is 
given for the wrong reason will not result in a reversal.  Calloway v. 
State, 743 S.W.2d 645, 651-52 (Tex. Crim. App. 1988).  If the decision 
is correct on any theory of law applicable to the case it will not be 
disturbed.  Id.
4.  
Indecent exposure is a Class B misdemeanor and has a limitations period of two 
years.  Tex. Penal Code Ann. 
§ 21.08 (Vernon 2003); Tex. Code Crim. 
Proc. Ann. art. 12.02 (Vernon 2005).
5.  
While the record reflects that Routt objected to the admission of any evidence 
of bad acts occurring on any date other than July 11, 2003, as evidence of 
extraneous offenses, an objection to the admission of evidence is not equivalent 
to a motion to require the State to elect.  See Ashmore v. State, 
122 Tex. Crim. 668, 57 S.W.2d 834, 835 (1933).  Further, we note that Routt 
receives some benefit by not requiring the State to make an election because a 
subsequent conviction based upon the separate acts described by the evidence in 
question will be jeopardy-barred.  See Rodriguez, 104 S.W.3d at 91; see 
also Campbell v. State, 149 S.W.3d 149, 156-157 (Tex. Crim. App. 2004) 
(Keller, J., concurring) (explaining the interplay between double jeopardy and 
election).