Routt v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-304-CR

ERIC STEVEN ROUTT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury found Appellant, Eric Steven Routt (“Routt”), guilty of indecent  exposure, and the trial judge sentenced him to 180 days’ confinement suspended for a period of twenty-four months, and a fine of one hundred dollars.  In four points, Routt contends that the trial court erred by overruling his objections to the admission of extraneous offense evidence and by denying his request for a limiting instruction in the jury charge.  We affirm.  

II. Background Facts and Procedural History

On a Friday evening in July of 2003,
(footnote: 2) Shakita Golden, a student at the University of North Texas, entered the computer lab at the Santa Fe Hall dormitory to work on a paper due the following week.  Seated at the computer station next to her was Routt.  Golden testified that as she was typing her paper she noticed Routt’s hand moving under the table and that when she looked over at Routt she saw that his penis was outside of one side of his shorts.  Later, after talking to friends and family, Golden reported the incident to the University of North Texas Police Department and to the dormitory staff. Golden also testified regarding a second similar incident that occurred a few days later at the same computer lab.  As to the second incident, Golden testified that she was in the computer lab working when Routt entered the lab and sat at the computer station next to her.  She testified that she again noticed Routt moving his hand under the table and that she again saw Routt’s penis outside of his shorts. 

Santa Fe Hall resident assistant Tanzania Collins testified that around July 16, 2003,
 she observed Routt in the computer lab from her office monitor.  She testified that she saw Routt making a jerking motion with his arm while his hands were under the computer table and that it appeared that he was masturbating.  She stated that she immediately contacted the hall director, Cindy McClanahan, who, after viewing the video, called the University of North Texas Police Department. 

Detective Kelly Sargent and Officer Patrick Burks responded to the call from McClanahan and viewed the videotape of the incident.  Detective Sargent testified that Routt was then issued a criminal trespass citation and escorted off university property. 

Later, when Routt went to the University of North Texas Police Department to deal with his criminal trespass citation, he was approached by Detective Wes Gilbreath.  Routt agreed to be interviewed by Detective Gilbreath.  In the course of the interview, Routt admitted that he had masturbated in the computer lab eight times between the fifth and fifteenth of July 2003.  
He also admitted that he masturbated in front of Shakita Golden on two occasions.  Police videotaped Routt’s interview.  Routt also gave police a written statement.  Routt was subsequently charged by information dated August 1, 2003 with indecent exposure occurring 
on or about 
July 11, 2003. 

Routt objected before trial, at a pre-trial hearing, and at trial, to any evidence of bad acts occurring on any date other than July 11, 2003, as evidence of extraneous offenses.  The trial court overruled Routt’s objections and admitted the videotapes from the computer lab, Routt’s written and videotaped confession, and the objected-to testimony of Officer Burks, Collins, Detective Gilbreath, McClanahan, Detective Sargent, and Golden.
(footnote: 3) 

III.  Discussion

In his first three points, Routt contends that the trial court erred by admitting the videotapes, his written confession, and the testimonial evidence of alleged criminal activity on a date other than the specific date charged in the information.  Specifically, Routt contends that the above-referenced evidence was extraneous offense evidence and that its admission violated Rules 401, 402, 403, and 404(b) of the Texas Rules of Evidence.  
In his fourth point, Routt contends that the trial court violated his due process rights under both the Texas and United States Constitutions by denying him a limiting instruction in the jury charge as to evidence of extraneous offenses.  

The State responds that the trial court did not error in admitting the evidence or in denying Routt the requested jury instruction because the evidence was not extraneous offense evidence.  In that regard, the State argues that evidence was not extraneous offense evidence because the charging instrument alleged an “on or about” date and Routt failed to file a motion requiring the State to elect which occurrence of the charged offense it would rely upon for conviction.  

A.  Standard of Review 
 

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); 
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery
 
v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990).  The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse.  
Montgomery
, 810 S.W.2d at 391.  We will not reverse a trial court's ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.  
Id
.

B.  Analysis

An extraneous offense is defined as any act of misconduct, whether resulting in prosecution or not, that is 
not
 shown in the charging papers.  
Rankin v. State
, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996).  It is well settled that where a charging instrument alleges the commission of an offense 
“on or about” a given date, the State may prove a date other than the one alleged in the indictment, as long as the date is prior to the presentation of the indictment and not so remote that prosecution is barred by the statue of limitations.  
See Sledge v. State,
 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).  Consequently, when the State uses the “on or about” language in the charging instrument, it may present evidence of multiple occurrences of the charged offense, on dates different from the date in the charging instrument.  
See Rodriguez v. State
, 104 S.W.3d 87, 91 (Tex. Crim. App. 2003).  Such evidence is not extraneous offense evidence because it is evidence of conduct charged in the charging instrument.  
See McDonald v. State
, 692 S.W.2d 169, 173 (Tex. App.—Houston [1st
 Dist.] 1985, pet. ref’d); 
see also Rankin,
 953 S.W.2d at 741; 
Rodriguez
, 104 S.W.3d at 91.  

On the other hand, a defendant may prevent the State from presenting evidence of multiple occurrences of the charged offense by moving for the State to elect which occurrence it wishes to rely upon for conviction. 
 See Rodrigue
z, 104 S.W.3d at 91.  Absent a motion by the defendant, however, the State is not required to make such an election.  
O’Neal v. State
, 746 S.W.2d 769, 771 n.3 (Tex. Crim. App. 1988).  

Here, the objected-to evidence describes multiple occurrences of the charged offense occurring prior to the presentation of the indictment and within the applicable limitations period for the charged offense.
(footnote: 4)  In addition, Routt does not contend, nor do we find, that he filed a motion requiring the State to elect any one occurrence upon which to base its conviction.
(footnote: 5)  
Thus, we conclude that the trial court did not error in admitting the objected-to evidence or in denying Routt’s request for a limiting instruction because the evidence was not extraneous offense evidence. 
 We overrule Routt’s four points on appeal.

IV.  Conclusion

Having overruled Routt’s four points, we affirm the trial court’s judgment.   

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 4, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Though Golden did not testify to the exact date on which this incident occurred, the court took judicial notice of the fact that July 11, 2003 was a Friday.  July 11, 2003 was the “on or about” date alleged in the information.

3:
It appears that the trial court admitted the disputed evidence as being part of the same course of conduct, i.e., as “same transaction contextual” evidence.  We need not determine, however, whether this evidence is “same transaction contextual,” because we affirm under a different legal theory.  It is well established that the mere fact that a correct ruling is given for the wrong reason will not result in a reversal.  
Calloway v. State
, 743 S.W.2d 645, 651-52 (Tex. Crim. App. 1988).  If the decision is correct on any theory of law applicable to the case it will not be disturbed.  
Id
. 

4:
Indecent exposure is a Class B misdemeanor and has a limitations period of two years. 
 
Tex. Penal Code Ann. § 21.08 
(Vernon 2003);
 Tex. Code Crim. Proc. Ann.
 art. 12.02 (Vernon 2005).

5:
While the record reflects that Routt objected to the admission of any evidence of bad acts occurring on any date other than July 11, 2003, as evidence of extraneous offenses, an objection to the admission of evidence is not equivalent to a motion to require the State to elect.  
See Ashmore v. State
, 122 Tex. Crim. 668, 57 S.W.2d 834, 835 (1933).  Further, we note that Routt receives some benefit by not requiring the State to make an election because a subsequent conviction based upon the separate acts described by the evidence in question will be jeopardy-barred.  
See Rodriguez
, 104 S.W.3d at 91; 
see also Campbell v. State
, 149 S.W.3d 149, 156-157 (Tex. Crim. App. 2004) (Keller, J., concurring) (explaining the interplay between double jeopardy and election).