NO. 07-07-00264-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
24, 2010

 



 

JOSEPH MARK DAIGLE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 52,293-D; HONORABLE RICHARD DAMBOLD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Joseph
Mark Daigle appeals from his conviction by jury of aggravated sexual assault of
a child, enhanced, and sentence of ninety-nine years of imprisonment.  Through two issues, appellant argues the
trial court abused its discretion by denying his request for a mistrial and
contends he was denied effective assistance of counsel.  We affirm.

 

 

Background

Via a February
2006 indictment, appellant was charged with two counts of aggravated sexual
assault of the same victim, a female child younger than 14 years, one alleging
contact between his sexual organ and the child’s, the other alleging contact
between his sexual organ and the child’s anus.[1]  The indictment alleged in count one, the
contact occurred on or about December 15, 2003, and in count two, on or about
May 1, 2003.  The indictment also
contained two enhancement paragraphs that set forth appellant=s two prior felony
offenses.  Appellant was tried only on
the first count, to which he plead not guilty.

Appellant does not
challenge the sufficiency of the evidence presented at trial to support his
conviction.  We therefore provide only
such facts as will assist in an understanding of the issues presented on
appeal.  The evidence showed that
appellant lived with the victim and her mother, with whom he had two other
children.  The victim was eight years old
in January 2004 when she informed her mother of appellant’s sexual contact with
her. The child told her mother that appellant had rubbed his Aprivate@ against her Aprivate@ and had promised
her money and a trip to Disneyland or Disney World if she did not tell. She
repeated the allegation to a pediatrician who examined her the next day but who
found no evidence of physical trauma. Later, after the examination by the
pediatrician, the child recanted her allegations against appellant.

After the
pediatrician contacted authorities, the child was twice interviewed at The
Bridge, an Amarillo child advocacy center. 
In the first, the child did not discuss her accusations against
appellant; instead, she expressed concern over what would happen to
appellant.  Before the next interview, a
sexual assault nurse examiner performed a sexual assault examination of the
child, again finding no trauma.  But
during that examination, the child told the examiner that appellant had touched
her private part with his private part and “would rub up and down.”  She pleaded with the examiner not to make
appellant go to jail. In the second Bridge interview, the child repeated her
account of sexual assault by appellant. 
The nurse examiner’s report and the videotapes of the Bridge interviews
were before the jury. 

The child
testified at trial.  There, she said the
sexual contact occurred, “[l]ike
maybe every other night, every time my mom was gone.”  She also testified that “once” appellant
tried to penetrate her. She further testified that appellant previously
molested her when they resided in Kansas. 


Appellant did not
testify but presented the testimony of two witnesses.  These witnesses testified that the child’s
mother expressed to them disbelief that appellant had molested her
daughter.  Appellant also presented
evidence from an evaluation conducted by a licensed sexual offender treatment
provider to show that while his anti-social personality disorder was one factor
tending to validate the accusation, he demonstrated no sexual interest in
children.  

Analysis

Denial of Request
for Mistrial

By his first
issue, appellant contends the trial court abused its discretion by denying his
request for a mistrial when the prosecutor referred to serial killer John Gacy during closing argument. We review a trial court=s denial of a
mistrial under an abuse of discretion standard. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App.
1999), cert. denied, 529 U.S. 1070, 120 S.Ct.
1680, 146 L.Ed.2d 487 (2000); Phillips v. State, 130 S.W.3d 343, 347 (Tex.App.BHouston [14th
Dist.] 2004, no pet.), aff’d, 193 S.W.3d 904 (Tex.Crim.App.
2006).  

In order to be
permissible, the jury argument must fall within one of four areas: (1)
summation of the evidence; (2) reasonable deductions from the evidence; (3)
response to argument by opposing counsel; and (4) pleas for law
enforcement.  Jackson
v. State, 17 S.W.3d 664, 673 (Tex.Crim.App.
2000).  Argument exceeding those
permissible areas is reversible error, only if, considering the entire record,
the argument is extreme or manifestly improper, violates a mandatory statute,
or injects new facts harmful to the accused into the trial.  Felder v. State, 848
S.W.2d 85, 95 (Tex.Crim.App. 1992); Mills v. State, No. 07-08-0348-CR, 2009 Tex.App. LEXIS 8038 (Tex.App.—Amarillo Oct. 14, 2009, no pet.).  The improper remarks must have been a willful
and calculated effort on the part of the State to deprive appellant of a fair
and impartial trial.  Wesbrook v. State, 29
S.W.3d 103, 115 (Tex.Crim.App. 2000); Gonzales v.
State, 115 S.W.3d 278, 284 (Tex.App.BCorpus
Christi 2003, pet. ref=d).  In examining challenges to jury argument, we
consider the remark in its context.  Gaddis v. State, 753 S.W.2d 396, 396 (Tex.Crim.App.
1988).

An instruction by
a trial court to disregard the improper argument will usually cure the
error.  Phillips,
130 S.W.3d at 347, citing Campos v. State, 589 S.W.2d 424, 428 (Tex.Crim.App. 
1979).  When
the trial court instructs a jury to disregard, we presume the jury follows the
trial court=s instructions.  Phillips, 130 S.W.3d
at 347-48, citing Waldo v. State, 746 S.W.2d 750, 752-53 (Tex.Crim.App. 1988). 
However, if the error is extremely prejudicial and cannot be withdrawn
from the juror=s minds, the trial court should declare a
mistrial.  Lusk v.
State, 82 S.W.3d 57, 60 (Tex.App.BAmarillo
2002, pet. ref=d).  Accordingly, a mistrial is appropriate only
when the event is Aso emotionally inflammatory that curative
instructions are not likely to prevent the jury from being unfairly prejudiced
against the defendant.@  Id.  

Here, during his
closing argument of the guilt-innocence phase of trial, appellant’s counsel
emphasized evidence appellant had a good and affirming relationship with the
child.  Referring to an occasion on which
appellant had made Halloween costumes for both the child and himself, and gone
trick-or-treating with her, his argument contained the following:

. . . What kind of guy would do
that [dress in costume for the child and go trick-or-treating with her]?  Not the kind of guy that would sexually
molest this little girl like they=re trying to persuade you that he
did.  That incident says worlds about
[appellant]...HeBwell, like I say, I can=t imagine a 47-year-old guy being willing to do that.  So that, to me, says more about him than lots
of other things that have come before you.@ 


During his final
argument, the prosecutor responded to counsel=s argument,
stating,

A...The Halloween, the gifts, the
money, the promise of trips, that goes to why, that goes to how you keep a
child from telling these things.  The
idea that you=re a good gift giver for a child and
thatBand to come up and say to you, AYou know, as long as you=ve given gifts to somebody, you can=t be sexually offending them.= 
Now, I don=t remember the guy=s full name, but his last name was Gacy.@

The trial court
sustained appellant’s immediate objection that the remark was outside the
record, prejudicial and inflammatory.  At
appellant=s request, the court also directed the
jury to disregard the prosecutor’s argument, but denied appellant’s request for
a mistrial.  It is this denial of which
appellant now complains.  

Thereafter, the
State engaged in the following similar argument without objection:

A...You know, we all see that in the
papers.  So and so did such and such, and
gosh, he was a clown at kid=s parties.  So and so
was a preacher.  So and so was
whatever.  That=s not indicative of what a person
is capable of, okay?  I mean, you can=tBif you go by that, then nobody can
ever be convicted of anything because we just can=t because they=re going to give gifts or something.@ 


            Appellant argues that by referring
to John Wayne Gacy, the State engaged in argument of
a highly inflammatory nature, invoked violent images of Gacy=s crimes and
mischaracterized the offense for which appellant was on trial.  Appellant also contends the prosecutor’s
continued argument referring to things seen in newspapers about clowns was a
further reference to John Wayne Gacy.[2]
 Appellant contends that this
comment only emphasized the calculated brutality of Gacy=s crimes and directly
placed appellant in the same Avile category@ of offender in
the collective mind of the jury. 
Appellant further notes that Gacy was assessed
the maximum punishment available for his crimes and the jury likewise assessed
the maximum punishment on appellant.  

            This court’s previous opinions
should make clear to prosecutors that comparing an accused or his acts to those
of a notorious criminal in jury argument is a practice to be avoided.  See Brown, 978
S.W.2d at 714; Mills, No.
07-08-0348-CR, 2009 Tex.App. LEXIS
8038. We find, however, that the State’s argument here was not so
inflammatory as to overcome the presumption the jury followed the court’s
prompt instruction to disregard it.  See Phillips, 130 S.W.3d at
347-48 (jury presumed to follow court’s instruction).  First, the reference to the “guy” whose “last
name was Gacy” was brief, and not accompanied by any
description of his crimes.  Cf. Brown, 978 S.W.2d at 714 (prosecutor
argued, in part, “John Wayne Gacy killed forty young
men and buried them in his house . . . dressed like a clown, and he was
loved”).  The State’s suggestion the
prosecutor=s brief reference may not have been well
understood by the jury and likely had negligible impact carries some
weight.  We find persuasive also the
State’s assertion that, in its context including the prosecutor’s remarks
following the denial of a mistrial, the reference to Gacy
can be seen as an illustration that an actor=s outward behavior
toward children does not preclude his committing abuse, rather than a direct
comparison of Gacy’s horrific crimes with the actions
of which the State accused appellant.  On
that point, the State aptly distinguishes Gonzales v. State, 115
S.W.3d 278, 284-86 (Tex.App.BCorpus
Christi 2003, pet. ref=d) (direct comparison made between
defendant=s offense with Osama bin Laden=s orchestration of
the 9/11 attacks and effectively asked jury to punish him as they would bin
Laden) and Brown, 978 S.W.2d at 713-16 (during punishment argument,
prosecutor likened defendant=s mental stability
to that of Jeffrey Dahmer, John Wayne Gacy and Ted Bundy, arguing the defendant should be held
accountable notwithstanding mental illness). 
Considering the entire record, we find the trial court properly
instructed the jury to disregard the prosecutor’s argument referring to Gacy, and further find the court did not abuse its
discretion by denying a mistrial.  We
overrule appellant’s first issue.

Ineffective
Assistance of Counsel

            Via his second issue, appellant
contends he was denied effective assistance of counsel because his trial
counsel did not object to the admission of evidence of extraneous offenses.

            Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) set
forth the two-pronged test that must be satisfied to prove an ineffective
assistance of counsel claim.  Under the first part of the Strickland
test, an appellant must show that counsel's performance was deficient.
"This requires showing that counsel made errors so serious that counsel
was not functioning as the 'counsel' guaranteed the defendant by the Sixth
Amendment."   Strickland,
466 U.S. at 687; Young v. State, 991 S.W.2d 835, 837 (Tex.Crim.App. 1999). 
This part of the test carries "a strong presumption that counsel's
conduct falls within the wide range of reasonable professional assistance.@  
Ahmadi v. State, 864 S.W.2d 776, 782 (Tex.App.BFort Worth 1993,
pet. ref=d), citing Kimmelman
v. Morrison, 477 U.S. 365, 381 106 S.Ct. 2574, 91
L.Ed.2d 305 (1986).  Thus, a record that
is silent as to counsel=s strategy generally is not
sufficiently developed to enable appellant to overcome the presumption of
effective assistance of counsel.  See Rylander v. State, 101 S.W.3d 107 (Tex.Crim.App.
2003) (stating, A[w]e have previously stated that the
record on direct appeal will generally not be sufficient to show that counsel's
representation was so deficient as to meet the first part of the Strickland standard as the
reasonableness of counsel's choices often involves facts that do not appear in
the appellate record@).  The appellant
must overcome this presumption by a preponderance of the evidence. Id.;
Cannon v. State, 668 S.W.2d 401, 403 (Tex.Crim.App.
1984).

In applying this test, an appellate
court should not try to second-guess trial counsel=s tactical decisions that do not fall
below the threshold of the objective standard of reasonableness.  Young, 991 S.W.2d at
837, citing Solis v. State, 792 S.W.2d 95, 100 (Tex.Crim.App.
1990). An individual has a right to effective, not errorless,
representation.  Bridge
v. State, 726 S.W.2d 558, 571 (Tex.Crim.App.
1986).  In determining whether
counsel=s assistance is effective, the court
must look at counsel=s representation of the defendant as a
whole, and not merely at isolated errors. 
Ex parte Kunkle, 852
S.W.2d 499, 505 (Tex.Crim.App. 1993); Cannon, 668
S.W.2d at 403.  An allegation of
ineffective assistance must be firmly founded in the record.  Thompson v. State, 9
S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant argues
his trial counsel erred when he did not object when the child victim testified
to extraneous offenses not included in the State’s notice pursuant to article
38.37 of the Code of Criminal Procedure, [3] depriving
appellant of the effective assistance of counsel.  Appellant points to the child’s statements
(1) that the genital contact occurred “every other night”; (2) that it took
place in multiple locations in Amarillo; (3) that it also took place in Kansas;
and (4) that it included attempted penetration. 
Recalling that we must view counsel=s representation of appellant as a whole, and not look
merely at isolated errors, Kunkle, 852
S.W.2d at 505, and recalling that trial counsel ordinarily should
be afforded an opportunity to explain his actions before being denounced as
ineffective, Rylander, 101 S.W.3d at
111, we cannot agree that the record supports a finding appellant was deprived
of the assistance of counsel guaranteed him by the Sixth Amendment.  

The
State=s
article 38.37 notice included the following bad acts: (1) Between December of
2002 and April of 2003 in Coffee County, Kansas, the defendant caused . . . the
victim alleged in the indictment in this case, and her brother . . . to disrobe
and pose in lewd positions while he videotaped them; (2) between December 2002
and April of 2003, in Coffee County, Kansas, the defendant, with the intent to
arouse and gratify his sexual desire, intentionally and knowingly exposed his
genitals knowing that [the victim], a child younger than 17 years of age and
not his spouse, was present; (3) between December of 2002 and April of 2003, in
Coffee County, Kansas, the defendant, with the intent to arouse and gratify his
sexual desire, intentionally and knowingly caused [the victim], a child younger
than 17 years of age and not his spouse, to expose her genitals to him; (4) between
May of 2003 and December of 2003, in Potter County, Texas, the defendant exhibited
a vibrator to [the victim] and had her place it in her mouth; (5) between May
of 2003 and December of 2003, in Potter County, Texas, the defendant
intentionally and knowingly caused his penis to contact or penetrate the anus
of [the victim], a child younger than 14 years of age; (6) between May of 2003
and December of 2003, in Potter County, Texas, the defendant caused [the
victim], a child younger than 14 years of age, to watch pornographic movies
with him; and (7) defendant=s
flight from Potter County, Texas, and failure to appear for trial in the 47th
District Court in and for Potter County, and fugitive status for approximately
one year.[4]
 

The
record reflects a hard-fought trial, and makes clear that appellant’s counsel
was acutely attuned to the risk the State would attempt to introduce evidence
of extraneous bad acts of a sexual nature. 
Some two weeks before trial, the trial court held a hearing on
appellant’s motions dealing with aspects of that general subject.  Assuming, without deciding, that the child’s
statements to which appellant points on appeal are properly characterized as
describing extraneous offenses rather than instances of the charged offense,[5]
and assuming further, without deciding, that the trial court would have
excluded the statements had objection been made,[6]
we cannot conclude on this record that counsel was deficient because he did not
object during the child’s testimony. 
Counsel frequently, as a matter of trial strategy, decide not to raise
objections even to potentially objectionable testimony.[7]  The decision, for example, may be based on a
desire not to highlight damaging testimony by drawing attention to it through
objection, or based on a concern repeated objections may alienate the
jury.   

The
record before us does not explain why counsel did not object to the references
to evidence of the extraneous offenses of which appellant complains.  Such a decision is not outside the range of
reasonable professional assistance. 
Allegations of ineffective assistance of counsel must be firmly founded
in the record. Thompson, 9 S.W.3d at 813. On
this record, appellant
has not overcome the presumption that trial counsel made the decision in the
exercise of reasonable professional judgment. 
Appellant thus has not met the first prong of the Strickland
test.[8]  Accordingly, we overrule appellant=s second issue, and
affirm his conviction and sentence. 

                                                                                    

                                                                                    James
T. Campbell

                                                                                                Justice

Do not publish.











[1]See Tex. Penal Code
Ann. ' 22.021 (Vernon
2007).  This is a first degree felony punishable by
imprisonment for life or any term of not more than 99 years or less than 5
years and a fine not to exceed $10,000.  Tex. Penal Code Ann. ' 12.32
(Vernon 2003). Appellant plead true to both enhancement paragraphs
contained within the indictment and his sentence was enhanced accordingly
pursuant to Texas Penal Code Ann. ' 12.42 (Vernon
2007). The case had an extended procedural history in the trial court we will
not discuss because it is not pertinent to our disposition of the appeal.  





[2]
See, e.g., Brown v. State, 978
S.W.2d 708, 714 (Tex.App.BAmarillo 1998, pet. ref=d) (prosecutor’s argument referred to fact Gacy “dressed like a clown”).  





[3]
Section 2 of article 38.37
states: A[n]otwithstanding
Rule 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs or
acts committed by the defendant against the child who is the victim of the
alleged offense shall be admitted for its bearing on relevant matters,
including: (1) the state of mind of the defendant and the child; and (2) the
previous and subsequent relationship between defendant and the child.@ 
Tex. Code Crim. Proc. Ann. art. 38.37, ' 2 (Vernon 2005).  Section 3 states, A[o]n timely request by the defendant,
the state shall give the defendant notice of the state=s intent to introduce in the case in chief
evidence described by Section 2 in the same manner as the state is required to
give notice under Rule 404(b), Texas Rules of Evidence.”  Tex. Code Crim. Proc. Ann.
art. 38.37, ' 3
(Vernon 2005). 





[4]
The State argues its article 38.37
notice reasonably encompassed any extraneous offenses the child’s testimony
included.  We need not address that
contention.

 





[5]
An
extraneous
offense is "any act of misconduct, whether
resulting in prosecution or not, that is not shown in the charging
papers." Rankin v. State, 953 S.W.2d 740, 741 (Tex.Crim.App. 1996); Meredith v. State, No. 11-05-00244-CR,
2007 Tex.App. LEXIS 9716, at *9-10
(Tex.App.—Eastland Dec. 13, 2007, pet. ref’d).  But see Sansom v.
State, 292 S.W.3d 112, 126-28 (Tex.App.—Houston
[14th Dist.] 2008, pet. ref’d)
(distinguishing between proof of charged offense and extraneous offenses).





[6]
The record contains the State’s notice
of the contents of the child’s outcry statement to her mother, given pursuant
to Code of Criminal Procedure article 38.072. 
Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2009). 
The mother’s written statement, appended to the notice, makes clear the
child’s outcry included the assertion appellant’s sexual contact with her
occurred at more than one address in Amarillo.

 





[7] See Kessler v. Dretke, 137 Fed.App. 710, 711-12 (5th
Cir. 2000) (applying Texas law) (appellant failed to show counsel performed
deficiently by refraining from repeated objections to extraneous
evidence).  See also Batiste v. State, 217 S.W.3d 74, 83 (Tex.App.BHouston [1st Dist.] 2006, no pet.) (failure to object to inadmissible extraneous offense
evidence can constitute a plausible trial strategy); Ahmadi
v. State, 864 S.W.2d 776, 783 (Tex.App.BFort Worth 1993, no pet.) (decision
not to object can be a plausible trial strategy as part of an attempt to create
the appearance of being open and honest). 






 

[8] We need not examine both Strickland prongs if one cannot be
met.  Blumenstetter v. State,
135 S.W.3d 234, 242 (Tex.App.BTexarkana 2004, no pet.), citing
Strickland, 466 U.S. at 697.